### LOUIS VITALE *v.* MIKE CROCCO
### (2084)

DANNEHY, C.P.J., DUPONT and BORDEN, Js.

Argued December 1, 1983—decision released January 17, 1984

*Louis Vitale,* pro se, the appellant (plaintiff).

*Paul A. Morello, Jr.,* with whom, on the brief, was *Anthony Nuzzo, Jr.,* for the appellee (defendant).

PER CURIAM. The plaintiff, a layman, tried his own case and prepared and argued his appeal in this court.[1]

---

[1] This appeal, originally filed in the Supreme Court, was transferred, upon a motion by the defendant, to the Appellate Session of the Superior Court, and was thereafter transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (c).

On reviewing the matter, we have followed the liberal policy usual where a layman appears pro se and have carefully considered his claims as far as they are fairly presented upon the record. *Higgins* v. *Hartford County Bar Assn.,* 111 Conn. 47, 51–52, 149 A. 415 (1930). It is obvious, however, that there is no merit to his claims and that no injustice has been done him under the law.

As we view the record, this appeal amounts to a request addressed to this court to accept, upon conflicting evidence presented by the parties at the trial, the version of the facts to which the plaintiff testified. "The credibility of witnesses was the trial court's responsibility." *Setaro Motors, Inc.* v. *Intelisano,* 151 Conn. 590, 592, 200 A.2d 728 (1964).

A painstaking study of the record discloses that the conclusions of the trial court are legally and logically correct and are based on facts which are supported by the evidence and are not clearly erroneous. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980). The case presented controversial issues of fact which were solely within the province of the trial court to decide. *Katz* v. *Martin,* 143 Conn. 215, 217, 120 A.2d 826 (1956). This court cannot retry the case. *African Methodist Episcopal Church* v. *Jenkins,* 139 Conn. 418, 423, 94 A.2d 618 (1953).

"The record discloses that the rights of the plaintiff were scrupulously protected upon the trial, that he was given the widest latitude in the presentation of his case, of which he took advantage by offering a mass of immaterial evidence and making unsupported charges, and that the criticism in his argument and brief of the conduct of the trial are wholly without justification." *Higgins* v. *Hartford County Bar Assn.,* supra, 52–53.

There is no error.