Ernest A. WEBER, Jr.

v.

**Alfred AMENDOLA, et al.**

**Civ. No. N 84–521 (JAC).**

United States District Court, D. Connecticut.

Nov. 26, 1985.

---

**1528**

Mark Rademacher (John R. Williams, on brief), New Haven, Conn., for plaintiff.

Martin S. Echter, New Haven, Conn., for defendants.

Martha Stone, Hartford, Conn., for amicus curiae Connecticut Civil Liberties Union.

## RULING ON MOTION FOR JUDGMENT ON THE PLEADINGS

JOSÉ A. CABRANES, District Judge:

This matter is before the court on the defendants' motion for judgment on the pleadings. The question presented by this motion is which of two competing statutes of limitations applies to actions brought in Connecticut pursuant to 42 U.S.C. § 1983 following the Supreme Court's recent decision in *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).

### Background

This Section 1983 action was commenced on September 17, 1984, with the filing of a complaint by Ernest A. Weber against six officers of the New Haven Police Department.[1] The complaint contended that Weber had been subjected to an unprovoked and unjustified assault by the police officers incident to his arrest on October 7, 1981. It was alleged that the defendants had "acted wilfully, knowingly and purposefully with the intent to deprive the plaintiff" of rights secured by the Fifth,

Sixth, Eighth and Fourteenth Amendments to the United States Constitution. The defendants filed an answer denying the plaintiff's allegations on October 17, 1984.

The Supreme Court ruled on April 17, 1985, in *Wilson v. Garcia, supra*, 105 S.Ct. at 1947, that the length of the limitations period for Section 1983 actions, as well as the related questions of tolling and application, is to be the same as that provided by state law for "the tort action for the recovery of damages for personal injuries." The Court, in an opinion by Justice Stevens, reasoned that

[t]he characterization of all § 1983 actions as involving claims for personal injuries minimizes the risk that the choice of a state statute of limitations would not fairly serve the federal interests vindicated by § 1983. General personal injury actions, sounding in tort, constitute a major part of the total volume of civil litigation in the state courts today, and probably did so in 1871 when § 1983 was enacted.

*Id.* at 1949.

It had previously been assumed that the three-year statute of limitations of C.G.S. § 52–577 (Action Founded Upon a Tort)[2] applied to Section 1983 actions brought in federal courts in the District of Connecticut. *See Williams v. Walsh*, 558 F.2d 667, 670 (2d Cir.1977) (Waterman, J.) (upholding district court's choice of three-year statute of limitations of C.G.S. § 52–577 for Section 1983 action by police officer alleging denial of civil rights arising out of his discharge); *Members of Bridgeport Housing Authority Police Force v. City of Bridgeport*, 85 F.R.D. 624, 637 (D.Conn. 1980) (Daly, J.) (holding that "Connecticut's three-year tort statute of limitations, Conn. Gen.Stat. § 52–577, applies to civil rights actions").

However, the defendants in this action, following the Supreme Court's decision in *Wilson v. Garcia*, filed a motion for judg-

---

1. The action was dismissed against the three unnamed defendants on February 19, 1985.

2. C.G.S. § 52–577 provides that

[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of.

ment on the pleadings contending that the decision ought to apply retroactively to bar the plaintiff's claim as untimely under the two-year limitations period of C.G.S. § 52–584 (Limitation of Action for Injury to Person or Property).[3] *See* Defendants' Memorandum of Law in Support of Motion for Judgment on the Pleadings (filed May 7, 1985). The plaintiff conceded that C.G.S. § 52–584 might apply to Section 1983 actions that arose after *Wilson v. Garcia.* However, he contended that *Wilson v. Garcia* ought to be given only prospective effect so that Section 1983 actions that arose before the date of that decision would continue to be governed by the three-year statute of limitations of C.G.S. § 52–577. *See* Plaintiff's Memorandum in Opposition to Motion for Judgment on the Pleadings (filed May 21, 1985).

The court entered an order on September 30, 1985, asking the parties to address the question whether C.G.S. § 52–584 or C.G.S. § 52–577 provided the appropriate limitations period for Section 1983 claims arising after *Wilson v. Garcia.*[4] The plaintiff filed a supplemental memorandum of law on November 13, 1985, contending that the three-year limitations period of C.G.S. § 52–577 is applicable to this action, while the defendants filed a supplemental memorandum on November 15, 1985, arguing in favor of the two-year limitations period of C.G.S. § 52–584. Oral argument on the defendants' motion for judgment on the pleadings was heard November 26, 1985. Accordingly, the matter is now ripe for decision.

### Discussion

The Supreme Court's decision in *Wilson v. Garcia,* as Justice O'Connor observed in her lone dissent, "does not so much resolve confusion [in the choice of statutes of limitations for Section 1983 actions] as to banish it to the lower courts." 105 S.Ct. at 1952–1953. Such is the case with respect to Section 1983 claims arising in Connecticut.

It is clear from a reading of Connecticut statutory and case law that the state provides different statutes of limitations for "the tort action for the recovery of damages for personal injuries," *id.* at 1949, depending upon whether the injuries were inflicted intentionally or merely negligently. For example, the Connecticut Supreme Court held in *Alteiri v. Colasso,* 168 Conn. 329, 362 A.2d 798, 799–800 (1975), that the three-year statute of limitations of C.G.S. § 52–577, rather than the shorter statute of limitations of C.G.S. § 52–584, is applicable to actions seeking compensation for personal injuries suffered as a result of intentional torts such as assault and battery. *See also Shinabarger v. United Aircraft,* 262 F.Supp. 52, 58 (D.Conn.1966) (Timbers, C.J.), *aff'd in part and rev'd in part on other grounds,* 381 F.2d 808 (2d Cir.1967) (same).

Indeed, the Connecticut Supreme Court, in a decision rendered after *Wilson v. Garcia,* held that the three-year statute of limitations of C.G.S. § 52–577 applies to all Section 1983 actions brought in Connecticut state courts. *See Orticelli v. Powers,* 197 Conn. 9, 16, 495 A.2d 1023 (1985). This decision, while not binding on a federal court sitting in Connecticut, *see Wilson v. Garcia, supra,* 105 S.Ct. at 1943 (characterization of Section 1983 actions is a question of federal rather than state law), nonetheless provides persuasive support for the

---

**3.** C.G.S. § 52–584 provides, in pertinent part, that

> [n]o action to recover damages for injury to the person, or to real or personal property caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered[.]

**4.** The court also invited the Attorney General of the State of Connecticut and the Connecticut Civil Liberties Union to submit memoranda of law as *amici curiae* addressing the question of which statute of limitations is applicable to Section 1983 actions brought in Connecticut subsequent to *Wilson v. Garcia.* The Office of the Attorney General declined the court's invitation to participate in this matter; the Connecticut Civil Liberties Union submitted the requested memorandum of law on November 19, 1985.

plaintiff's contention that C.G.S. § 52–577 is the appropriate statute of limitations in Connecticut for actions to redress deprivations of federal constitutional and statutory rights.

Federal courts in several other jurisdictions have considered which of two state statutes of limitations for "the tort action for the recovery of damages for personal injuries" is applicable to Section 1983 actions following *Wilson v. Garcia. See Jones v. Preuit & Mauldin,* 763 F.2d 1250 (11th Cir.1985) (Johnson, J.); *Gates v. Spinks,* 771 F.2d 916 (5th Cir.1985); *Cook v. City of Minneapolis,* 617 F.Supp. 461 (D.Minn.1985); *Small v. City of Belfast,* 617 F.Supp 1567 (D.Maine 1985). The courts in each of these cases held that the appropriate statute of limitations for Section 1983 actions was the statute of limitations provided by state law for intentional torts.

The issue before the Court of Appeals in *Jones v. Preuit & Mauldin, supra,* was whether Section 1983 actions arising in Alabama were governed by the six-year statute applicable to "any trespass to person or liberty, such as false imprisonment or assault and battery" or the one-year statute applicable to "any injury to the person or rights of another not arising from contract and not specifically enumerated in this section." Alabama applied the six-year statute to actions involving "an intentional act done with force and immediately injurious to the person of another or to property in his or her possession" and applied the one-year statute to actions involving negligent or otherwise unintentionally harmful acts. *Id.* at 1254.

The court examined the "extensive legislative history" of Section 1983 to find that the 42d Congress "considered direct acts of violence against black citizens to be the paradigmatic wrong addressed by the new statute." *Jones v. Preuit & Mauldin, supra,* 763 F.2d at 1256.[5] Accordingly, the court concluded that the appropriate limitations period for Section 1983 actions was

the six years provided for trespass actions rather than the one year provided for unintentional torts.

Similarly, the Court of Appeals in *Gates v. Spinks, supra,* was faced with a choice between Mississippi's one-year limitation on actions based on most, if not all, common-law intentional torts and its six-year limitation on all causes of action not otherwise provided for, including negligence and strict-liability actions. The one-year statute of limitations was selected by the Court of Appeals because "[m]ost 1983 actions are predicated on intentional rather than negligent acts" and because "1983 was enacted for the purpose of redressing injuries from intentional misconduct." 771 F.2d at 920.

The court in *Cook v. City of Minneapolis, supra,* adopted similar reasoning in holding that Section 1983 actions arising in Minnesota were to be governed by the two-year statute of limitations for "libel, slander, assault, battery, false imprisonment, or other tort resulting in personal injury" rather than the six-year statute for "any other injury to the person or rights of another, not arising on contract, and not hereinafter enumerated."

Finally, the court in *Small v. City of Belfast, supra,* likewise found that Section 1983 actions were to be governed by Maine's two-year statute of limitations for intentional torts rather than its six-year residuary statute of limitations applicable to negligence actions. The court held that

[a]ssault, battery, false imprisonment, slander and libel are intentional torts which directly infringe upon personal rights; as such, they are more akin to "the paradigmatic wrong" intended to be addressed by the 1871 congressional enactment of section 1983—"direct acts of violence against black citizens," *Jones v. Preuit & Mauldin,* 763 F.2d at 1256, than are the other, principally unintentional, personal injury torts which, by

5. It is significant that much of the same legislative history was reviewed by the Supreme Court

in *Wilson v. Garcia, supra,* 105 S.Ct. at 1947.

default, are governed by Maine's six-year limitations period.

617 F.Supp. at 1573.

The competing statutes of limitations at issue in the instant case are analogous to the competing statutes of limitations at issue in *Jones v. Preuit & Mauldin, Gates v. Spinks, Cook v. City of Minneapolis* and *Small v. City of Belfast.* The reasoning that compelled the selection of the limitations period for intentional torts in those cases likewise compels the selection of the limitations period for intentional torts in the case at bar.

Accordingly, the court finds that *Wilson v. Garcia* did not alter the established rule, as enunciated in *Members of Bridgeport Housing Authority Police Force v. City of Bridgeport, supra,* 85 F.R.D. at 637, that the three-year statute of limitations of C.G.S. § 52–577 applies to all Section 1983 actions brought in federal courts in the District of Connecticut. The instant action is therefore timely regardless of whether *Wilson v. Garcia* is given retroactive effect.[6]

### Conclusion

For the foregoing reasons, the defendants' motion for judgment on the pleadings is denied. It is so ordered.

---

6. A contrary decision on this issue would raise the unhappy prospect of forum shopping by Section 1983 litigants between state and federal courts in Connecticut. *See Adler v. Education Department of the State of New York,* 760 F.2d 454, 459 (2d Cir.1985) (Oakes, J.) ("where a federal statute provides that suit may be brought in both federal and state court, there is something to be said for having the same statute of limitations applicable in both, at least to avoid forum shopping by prospective plaintiffs").