Louis VITALE, Plaintiff,

v.

Anthony NUZZO, Jr., et al, Defendants.

Civ. No. N–86–77(TFGD).

United States District Court, D. Connecticut.

Dec. 3, 1986.

Louis Vitale, pro se, North Haven, Conn.

John R. Williams, New Haven, Conn., for Crocco.

Joseph Glass, New Haven, Conn., for L. Cohen & Star Supply.

Paul A. Morello, Jr., Fazzone, Nuzzo & Baillie, Cheshire, Conn., for Anthony Nuzzo.

## ORDER

DALY, Chief Judge.

December 3, 1986.  After de novo review, and over objection, the proposed rulings of the magistrate are hereby ADOPTED, APPROVED and RATIFIED. The case shall be closed of record and shall be removed from the docket of this court.

## RULING ON PENDING MOTIONS TO DISMISS

ARTHUR H. LATIMER, United States Magistrate.

This *pro se* civil rights action for damages stems from a bitter small-sum commercial dispute.  Plaintiff had claimed entitlement to $1,020.00 in allegedly agreed commissions for three referrals to defendant Mike Crocco of home air conditioning or furnace installation jobs in 1979 and 1980, and to an additional $170.00 as deposit return for another 1980 job which was cancelled.  After payment was refused, plaintiff unsuccessfully pursued Connecticut state court suit against Mr. Crocco,

proceedings assertedly marked by browbeating from Mr. Crocco's attorney, one Anthony Nuzzo, Jr., the defense's subsequent refusal to settle for $220.00, a failure to appear under trial witness subpoena by Mr. Crocco's business associate, a Larry Cohen, and ultimate contempt punishment of the plaintiff at trial's end in November, 1982 "for accusing the judge for being prejudice[d]". The instant purported civil rights complaint was thereafter filed in February of 1986, naming as defendants Messrs. Crocco, Nuzzo and Cohen, together with the latter's company, Star Supply Company, Inc.; the pleading alleges that defendants had "conspired" with the state trial judge to deprive plaintiff of Fourteenth Amendment due process and equal protection rights as well as the Eighth Amendment guarantee against cruel and unusual punishment, and recites in generalities various acts of claimed misconduct by the judge such as "allowing defendant [Crocco] to commit perjury". All defendants have correctly moved to dismiss that complaint on its face for apparent untimeliness and for failure in any event to state a genuinely federal claim upon which relief can be granted by this court, cf. Rule 12(b)(6), Fed.R.Civ.P.

It is of course generally true that a complaint may be dismissed "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations", *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984), citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957), and a *pro se* complaint is naturally held to "less stringent standards than formal pleadings drafted by lawyers", *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). On the other hand, there must be factual allegations of substance beyond conclusory labels and assertions, "at least some allegations of facts indicating a deprivation of civil rights", *Fine v. City of New York*, 529 F.2d 70, 73 (2 Cir.1975). See also, e.g., *Powell v. Jarvis*, 460 F.2d 551, 553 (2d Cir.1972). That minimum safeguard to indicate the genuine existence of a federally actionable claim,

moreover, is particularly appropriate when the complaint rests on a broad claim of "conspiracy", in which case "[d]iffuse and expansive allegations are insufficient", *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir.1977).

■ The claim of "conspiracy" here advanced is centrally significant, but wholly conclusory. Principally invoking 42 U.S.C. § 1983, plaintiff must allege "that some person has deprived him of a federal right" *and* "that the person who has deprived him of that right acted under color of state ... law", *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980). The latter element, however, is supplied in the present instance only if the named defendants, all private actors, were "jointly engaged" in misconduct with a state official like the judge, see, e.g., *Dennis v. Sparks*, 449 U.S. 24, 27–28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980). To attempt to convert his state court disappointments into a federal civil rights claim, plaintiff simply asserts that there was a "conspiracy" with the state judge, but such bare labeling will not suffice. Plaintiff gives no sufficient description of the nature of or motivation for the judge's entry into "conspiracy", or adequate reason actually to suppose a corrupt combination existed. Cf. *Dennis v. Sparks, supra* at 28, 101 S.Ct. at 186 (bribery).

■ If one does assume that a § 1983 claim has been adequately stated, further, this suit appears patently timebarred. The appropriate "borrowed" state limitations period, see *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), is provided by this state's three-year general tort statute, Conn.Gen.Stat. § 52–577. See, e.g., *Weber v. Amendola*, 635 F.Supp. 1527 (D.Conn.1985); cf. *Williams v. Walsh*, 558 F.2d 667 (2d Cir.1977). The present action was commenced on February 25, 1986, with the last specific instance of alleged misconduct cited being the state trial judge's having punished plaintiff for contempt on November 19, 1982. Plaintiff might conceivably be suggesting notions of tolling or continuing wrong even extending thereafter into his eventually unsuccessful appeal, see

*Vitale v. Crocco,* 1 Conn.App. 184, 469 A.2d 793 (1984), again somehow a function of the "conspiracy" linkage. Yet he does not allege active concealment, and hardly could, for the acts of misconduct alleged would have been most evident. To the extent not involved in and dispositively dealt with by the state court appeal, all such supposed wrongful acts listed by plaintiff occurred more than three years before he initiated federal suit, and he could not simply postpone accrued suit claims indefinitely for such discrete, patent wrongs on grounds of a connecting and ongoing conspiracy, see *Singleton v. City of New York,* 632 F.2d 185, 192 (2d Cir. 1980).

At the very least, plaintiff's attempted additional conspiracy claim under 42 U.S.C. § 1985(3), and his related claim under 42 U.S.C. § 1986, must fail. The complaint in these regards resorts once more to merely conclusory assertions, noting at one point an unspecified "invidious discrimination animus" by defendants and at another an alleged remark by defendant Nuzzo that state court "judges frown and were prejudice[d] against pro se litigants, who come into court against a member of the bar". Those scattered allegations neither yield a real claim of requisite class-based discrimination under § 1985(3), see *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971), nor truly identify any properly recognized class for purposes of such a claim. In addition, "[i]nsofar as 42 U.S.C. § 1986 provides for an action for neglect to prevent any wrong under § 1985, a necessary predicate for a § 1986 action is a valid § 1985 claim", *Estate of Walker v. Bridgeport,* Civil No. B-85-340 (EBB), slip op. at 3 (D.Conn. Oct. 30, 1986). An incidental § 1986 claim is also governed by that provision's explicit limitations period of but "one year after the cause of action has accrued", and no tenable argument can be made that such a suit claim is timely in this case.

For the reasons noted above, the instant complaint seems clearly insufficient. Plaintiff has not proffered a curative, non-futile proposed amendment. Subject to pri-or and *de novo* review by the trial judge on any timely objection to this ruling, cf. 28 U.S.C. § 636(b), Rule 2, D.Conn.Rules for U.S. Magistrates, the pending motions to dismiss are accordingly granted on the grounds previously stated.