Reginald NAPOLEON, Plaintiff,

v.

XEROX CORPORATION, Defendant.

Civ. A. No. N–85–526 (RCZ).

United States District Court,
D. Connecticut.

Oct. 6, 1987.

Peter A. Kelly, New Haven, Conn., for plaintiff.

Paul L. Bressan, Rita Hernandez, Kelley, Drye & Warren, New York City, Sari B. Jaffe, Taggart D. Adams, Kelley Drye & Warren, Stamford, Conn., for defendant.

## RULING ON DEFENDANT'S MOTION FOR RECONSIDERATION

ZAMPANO, Senior District Judge.

The plaintiff initially commenced this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981 (§ 1981),[1] and state tort law, alleging that the defendant, Xerox Corporation, unlawfully discriminated against him in their employer-employee relationship. Pursuant to Fed.R.Civ.P. 12(c), the defendant moved for partial judgment on the pleadings, claiming: 1) that plaintiff could not seek relief under both Title VII and § 1981 on the same facts, and therefore his § 1981 claim must be dismissed; 2) that, even if his § 1981 is viable, it is barred by the applicable statute of limitations; and 3) that the wrongful discharge cause of action is preempted by explicit procedural provisions of the Connecticut Fair Employment Practices Act, Conn.Gen. Stat. § 46a–51 *et seq.*

On March 26, 1987, this Court dismissed the plaintiff's wrongful discharge claim based on state law. *Napoleon v. Xerox Corp.*, 656 F.Supp. 1120, 1126 (D.Conn. 1987). In addition, in denying the defendant's motion to dismiss the plaintiff's § 1981 cause of action, the Court ruled that the remedies provided by Title VII do not preempt any other remedies available under § 1981, and that the governing limitation period for a § 1981 action is Connecticut's three-year enactment, Conn.Gen.Stat. § 52.–577,[2] and not the state's two-year statute, § 52–584.[3] *Id.* at 1124–25.

The defendant now moves the Court to reconsider that portion of its ruling which relates to the statute of limitations applicable to § 1981 actions in Connecticut. The

---

1. 42 U.S.C. § 1981 provides:

   All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

2. § 52–577, Action founded upon a tort, provides:

   No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of.

3. § 52–584, Limitation of action for injury to person or property, states:

   No action to recover damages for injury to the person, or to real or personal property, caused by negligence, or by reckless or wanton misconduct, or by malpractice of a physician, surgeon, dentist, podiatrist, chiropractor, hospital or sanatorium, shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of a reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of, except that a counterclaim may be interposed in any such action any time before the pleadings in such actions are finally closed.

defendant submits that the Second Circuit's opinion in *Okure v. Owens*, 816 F.2d 45 (2 Cir.1987), decided a week after this Court's ruling,[4] compels the application of Connecticut's two-year statute of limitations.[5] On the other hand, the plaintiff and the Connecticut Civil Liberties Union Foundation (CCLUF), as *amicus curiae*,[6] contend that *Okure* supports the continued application of Connecticut's three-year limitation period to § 1981 actions.

## DISCUSSION

Prior to the Supreme Court's decisions in *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) and *Goodman v. Lukens Steel Co.*, — U.S. —, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987), federal courts applied the most analogous state statutes of limitations to § 1981 and § 1983 causes of action because Congress did not prescribe an express time bar for the commencement of these claims. *Johnson v. Railway Express Agency*, 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1975); *Kaiser v. Cahn*, 510 F.2d 282, 284 (2 Cir.1974); Note, *Statutes of Limitations in Federal Civil Rights Litigation*, 1976 Ariz.St.L.J. 97, 100–01. In Connecticut, the general three- year tort limitation period was uniformly found to be the appropriate one for civil rights actions asserted under § 1981 and § 1983. *See Stone v. Wakely*, Civ. No. H–82–723 (D.Conn. Dec. 9, 1983) (Clarie J.) (§§ 1981 and 1983); *Moses v. Avco Corp.*, 97 F.R.D. 624, 637 (D.Conn. 1980) (Daly, C.J.) (§§ 1981 and 1983).

In 1985, the Supreme Court held that a state's personal injury limitation statute governed § 1983 causes of action. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Connecticut federal judges determined that their prior rulings on the issue were consistent with the *Wilson* rationale and, therefore, the state's three-year statute continued to be applied to civil rights claims. *Vitale v. Nuzzo*, 674 F.Supp. 402, 13 C.L.T. 2 at 12 (D.Conn.1986) (Daly, C.J.); *D'Ambrosia v. Barbieri*, No. H–85–755, 12 C.L.T. 41, at 14 (D.Conn. Aug. 27, 1986) (Dorsey, J.) [Available on WEST-LAW, 1986 WL 15787]; *Wallace v. Town of Stratford*, 674 F.Supp. 67, 12 C.L.T. 34, at 21 (D.Conn.1986) (Daly, C.J.); *Cane v. Gambardella*, No. N–85–237, slip op. (D.Conn. June 18, 1986) (Dorsey, J.) [Available on WESTLAW, 1986 WL 15789]; *Belcha v. DeBenedet*, No. N–85–212, slip op. (D.Conn. June 18, 1986) (Dorsey, J.) [Available on WESTLAW, 1986 WL 15788]; *Mitchell v. City of Hartford*, 674 F.Supp. 60, (D.Conn.1986) (Blumenfeld, J.); *Massari v. City of Stamford*, No. B–85–529, slip op. (D.Conn. April 17, 1986) (Burns, J.); *DiVerniero v. Murphy*, 635 F.Supp. 1531, 1533–34 (D.Conn.1986) (Burns, J.); *Weber v. Amendola*, 635 F.Supp. 1527 (D.Conn.1985) (Cabranes, J.).

As the defendant in the instant case notes, federal courts in this District have relied heavily upon the intentional character of § 1981 and § 1983 violations in deciding that Connecticut's three-year limitations statute controls, *see, e.g., DiVerniero*, 635 F.Supp. at 1533–34, rather than the state's two-year statute which is inapplicable to intentionally inflicted personal injuries. *Altieri v. Colasso*, 168 Conn. 329, 332, 362 A.2d 798 (1975). Focusing on the Second Circuit language in *Okure* that the intentional nature of these civil rights actions is "not controlling," *Okure*, 816 F.2d at 48, the defendant contends that *Okure* mandates application of Connecticut's two-year statute of limitations, which governs

---

**4.** The *Okure* case was decided by the Second Circuit on April 6, 1987.

**5.** Defendant also argues that the *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) and *Okure* cases should be applied retroactively to bar the plaintiff's § 1981 claim, citing *Solem v. Stumes*, 465 U.S. 638, 104 S.Ct. 1338, 79 L.Ed.2d 579 (1984) and *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971). Because the Court rejects the de-

fendant's contention regarding the appropriate statute of limitations, the issue of the retroactivity need not be addressed.

**6.** On June 15, 1987, the Court granted the CCLUF's motion for leave to file an *amicus curiae* brief on the issues raised by defendant's motion for reconsideration. The Court commends the CCLUF for its comprehensive and scholarly brief.

unintentional personal injury suits. The Court disagrees.

Where a state has more than one personal injury statute of limitations, as in Connecticut, *Okure* instructs that the intentional tort analogy is not dispositive. Rather, to insure "that the borrowing period of limitations not discriminate against the federal claim," *Okure,* 816 F.2d at 48 (*citing Wilson,* 471 U.S. at 279, 105 S.Ct. at 1950), the Second Circuit enunciated two criteria for the selection of the appropriate statute of limitations: first, the statute must "be expansive enough to accommodate the diverse personal injury torts that section 1983 has come to embrace," *id.* at 48; and second, the limitation period must be "long enough to effectuate the policies embedded in section 1983." *Id.* In applying the *Okure* standards, it is clear that Conn.Gen. Stat. § 52–577 is the most expansive of all the statutes of limitations applicable to personal injury claims in Connecticut. *Jensen v. Times Mirror Co.,* 634 F.Supp. 304, 315 (D.Conn.1986); *United Aircraft Corp. v. International Association of Machinists,* 161 Conn. 79, 107, 285 A.2d 330 (1971). Unlike the New York statutes considered in *Okure,* this state's three-year tort statute is more "general" and "remedial," and, coincidentally, more analogous to intentional civil rights violations than the narrow, specifically enumerated language of the state's two-year statute. As Judge Dorsey stated:

> Application of the three year statute of limitations to all § 1983 actions provides a single limitation with the scope to permit its embracing the "broad characterization of all § 1983 claims" as required by *Wilson* (citation omitted). Conn.Gen. Stat. § 52–584 does not have such broad application and is inappropriate.

*Cane,* slip op. at 3; *see also Diverniero,* 635 F.Supp. at 1534.

The second prong of the *Okure* test—the need for a longer statute of limitations to further the purposes of § 1983—is obviously met by Con.Gen.Stat. § 52–577. While disparity in the present case (three years versus two years) is not as great as that before the *Okure* court (three years versus

one year), the three-year statute does provide a longer "time for plaintiffs to reflect and to probe." *Okure,* 816 F.2d at 49.

Accordingly, the defendant's motion for reconsideration is denied.

SO ORDERED.