ROBERT F. MALONEY, SR. *v.* SUSAN H. MALONEY
(6294)

ROBERT F. MALONEY, SR., ET AL. *v.* SUSAN H. MALONEY
(6703)

BORDEN, DALY and FOTI, Js.

Argued February 3—decision released February 15, 1989

*Susan H. Maloney,* pro se, the appellant (defendant).

*Terence A. Zemetis* and *Earl F. Dewey II* filed a brief for the appellees (plaintiffs).

PER CURIAM. The defendant, Susan H. Maloney, has filed two appeals from the judgments rendered in two cases alleging various grounds of error. The first appeal (6294) is from an order of civil contempt and the second appeal (6703) is from the granting of the plaintiffs' application to discharge invalid liens. This opinion will serve as our decision in both appeals.

The defendant, who is not an attorney, represented herself at the trial level and argued her appeals in this court. It is well established that our courts will allow great latitude to pro se litigants, and we have reviewed the defendant's statements of issues and briefs in that spirit. See *Maresca* v. *Allen,* 181 Conn. 521, 521 n. 1, 436 A.2d 14 (1980). Where a defendant acts as her own counsel, as she has every right to do, however, she is bound by the same rules of procedure and evidence as any other litigant, and will receive that same consider-

ation as if she had been represented by an attorney. *Cersosimo* v. *Cersosimo,* 188 Conn. 385, 394–95, 449 A.2d 1026 (1982).

In reviewing the defendant's claims of error, we have followed the usual liberal policy afforded to pro se litigants and have carefully considered her claims as far as they are fairly presented upon the record. *Vitale* v. *Crocco,* 1 Conn. App. 184, 185, 469 A.2d 793 (1984). It is obvious, however, that there is no merit to her claims and that she has suffered no injustice under the law.

The defendant, as the appellant, has the burden of showing that there was error in the judgments from which the appeals were taken. *General Electric Supply Co.* v. *Southern New England Telephone Co.,* 185 Conn. 583, 603, 441 A. 2d 581 (1981).We cannot find that the defendant has met her burden.

There is no error.