## HAROLD FISCHEL *v.* VERKERKE REPRODUCTIONS USA, INC., ET AL.
### (7896)

DUPONT, C. J., NORCOTT and LAVERY, Js.

Argued February 13—decision released April 11, 1990

*Lloyd S. Lowinger,* for the appellant (plaintiff).

*Steven W. Varney,* with whom were *Sean M. Peoples,* on the brief, and *Eric R. Gaynor,* for the appellee (defendant Poster America, Inc.).

PER CURIAM. The plaintiff appeals from the trial court's granting of the motion of the defendant Poster America, Inc.,[1] to dismiss this contract action for lack of personal jurisdiction. The motion was based upon the plaintiff's alleged failure properly to serve process as provided in accordance with General Statutes § 52-57 (c).

Process was served on an employee of Class Publications, Inc., an entity with offices in Hartford, who was in Poster America's Bridgeport office that day to perform an audit at the direction of the president of both entities.

---

[1] The named defendant is not involved in this appeal.

Section 52-57 (c) provides that, in an action against a private corporation, "service of process *shall* be made either upon" a person in any of certain named capacities or upon the "person in charge of the business of the corporation or upon any person who is at the time of service in charge of the office of the corporation in the town in which its principal office or place of business is located." (Emphasis added.)

The trial court, in an articulation of its decision granting the defendant's motion to dismiss, found that the plaintiff made no claim of service upon the corporation's statutory agent for service as permitted by General Statutes § 33-297, and that the requirements of General Statutes § 52-57 (c), the only other statute applicable to service here, had not been satisfied. The court noted that the individual on whom service was made was not employed by Poster America, and found, on the basis of the facts before it, that she was not, at the time of service, in charge of the office of the corporation, for the purposes of § 52-57 (c). On the basis of *Hyde* v. *Richard,* 145 Conn. 24, 138 A.2d 527 (1958), cited by the trial court, and our review of the record, we agree. We, therefore, conclude that the dismissal of the action for lack of jurisdiction resulting from improper service was correct.

There is no error.