**Bobby L. BROWN, Plaintiff,**

v.

**Paul WARGO and J. SHERBO, Defendants.**

**Civ. No. 5–91–655 (WWE).**

United States District Court, D. Connecticut.

Nov. 19, 1992.

John R. Williams, Williams & Wise, New Haven, CT, for plaintiff.

Barbara Brazzel–Massaro, Raymond B. Rubens, Office of the City Atty., Bridgeport, CT, for defendants.

## RULING ON MOTION TO DISMISS

EGINTON, Senior District Judge.

Defendants Paul Wargo and Joseph Sherbo move to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). Specifically, defendants allege that the action is barred by the statute of limitations. For the reasons set forth below, the motion will be denied.

### BACKGROUND

On July 19, 1988, defendants Wargo and Sherbo arrested plaintiff in Bridgeport, Connecticut and charged him with the crime of possession of cocaine with intent to sell. At the time of arrest, Wargo and Sherbo were employed as police officers for the City of Bridgeport. The officers are being sued only in their individual capacities. In November 1990, the criminal charges brought against the plaintiff were dismissed by Honorable G. Sarsfield Ford of the Connecticut Superior Court sitting in the Superior Court House at Bridgeport, Connecticut.

Subsequently, the plaintiff commenced this civil action alleging (1) malicious prosecution, (2) warrantless arrest without probable cause, (3) and warrantless search and seizure without probable cause, in violation of the Fourth and Fourteenth Amendment to the United States Constitution, 42 U.S.C., §§ 1983 and 1988, and the laws of the State of Connecticut, which are invoked under the supplementary jurisdiction of this court.

### DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir.1984). When deciding a motion to dismiss under the Federal Rules of Civil Procedure, the court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.

*Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

Defendant's motion to dismiss presents two issues that will be addressed in turn. First, what is the appropriate state statute of limitations; and second, when does the limitations period begin to run.

The defendant argues that the applicable Connecticut General Statute is C.G.S. § 52–584, which provides for a two year limitations period for injuries to the person caused by negligence, or by reckless or wanton misconduct. Defendant claims that the two year limitations period contained in C.G.S. § 52–584 began to run as of July 19, 1988, the date of plaintiff's arrest. Thus, defendant asserts that the plaintiff's suit should be barred because this § 1983 claim was not commenced until October 15, 1991, more than two years from the date of arrest. Alternatively, defendant claims that if this court were to apply the three year limitation provided by § 52–584, the suit is still untimely because it was filed more than three years after arrest.

In opposition to the motion, plaintiff contends that Connecticut General Statute C.G.S. § 52–577 applies. Under this statute, a three year limitations period begins to run on the date of the favorable termination of the criminal charges—not the date of arrest. Thus, the plaintiff argues that this action was timely commenced.

In *Owens, et al. v. Okure,* 488 U.S. 235, 250, 109 S.Ct. 573, 582, 102 L.Ed.2d 594 (1989), the Supreme Court stated that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." Consistent with that Supreme Court decision, the Second Circuit and this court have consistently applied C.G.S. § 52–577 to all § 1983 actions brought in Connecticut, in preference to C.G.S. § 52–584. *Williams v. Walsh,* 558 F.2d 667, 670 (2d Cir.1977); *Weber v. Amendola,* 635 F.Supp. 1527, 1531 (D.Conn.1985); *Diverniero v. Murphy,* 635 F.Supp. 1531, 1534 (D.Conn.1986). Thus, the applicable statute of limitations period in this case is three years.

Having determined the proper statute of limitations period, the next issue to be addressed is when the three year period began to run. The Second Circuit has specifically addressed this issue in *Janetka v. Dabe,* 892 F.2d 187 (2d Cir.1989), holding that a malicious prosecution claim accrues for limitations purposes as of the date of favorable termination of the criminal proceedings. Thus, the statute of limitations period in this case began to run in November 1990, the date when criminal proceedings against plaintiff were terminated. Because plaintiff filed this civil action less than one year after the termination of the criminal proceedings, his action was timely filed.

### CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is DENIED.