[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING RE: MOTION TO DISMISS (#103)
The defendant, pursuant to Prac. Bk. Section 10-31 (a),[1]
has moved to dismiss this action on the following grounds: (1) the complaint was not returned to court in accordance with General Statutes Section 52-46a,[2] and (2) the complaint was not served in compliance with the requirements of General Statutes Section 52-57 (a) and 52-54.[3] The defendant filed memoranda of law and an affidavit supporting the motion; the pro se plaintiff has filed an objection to the motion (#107), together with an opposing memorandum. The court conducted a hearing, with all parties present, on the motion to dismiss and the objection thereto.
The pro se plaintiff is a sentenced inmate of the Department of Corrections; the complaint, seeking compensatory and punitive damages, alleges that the defendant "acted recklessly, wantonly or maliciously" in his capacity as standby counsel "at the plaintiff's criminal trial." The plaintiff further alleges that "[a]s a consequence of the defendant's actions," he "was convicted CT Page 4117 on two counts of assault in the second degree and two counts of kidnaping in the second degree and was sentenced to forty years."
 I.
The plaintiff first objects to the motion to dismiss on the basis that it was not timely filed. Section 10-30 of the Practice Book provides that the motion is to be filed "within thirty days of the filing of an appearance." Counsel for the defendant filed the motion to dismiss, with supporting documentation, and an appearance, on August 31, 1998. Thus, defendant has complied with the rules of practice and the subject motion is timely.
 II.
The official court file indicates that the return date on the summons was March 3, 1998. The court file also reflects that the writ was returned to court on March 2, 1998. As indicated, General Statutes Section 52-46a requires that process in a civil action be returned to the Superior Court at least six days before
the return date. Thus, this complaint was not returned within the time frame mandated by statute.
"The late return of process renders the action voidable and, if the defendants choose not to waive the jurisdictional defect, the trial court must dismiss the action . . . The failure to meet the statutory requirement for the return of process [renders] the case subject to dismissal." Arpaia v. Corrone, 18 Conn. App. 539,541, 559 A.2d 719 (1989). In the instant case, the defendant, having filed a timely motion to dismiss, has not waived the jurisdictional defect, and it cannot be cured by amendment.[4]
Therefore, this action must be dismissed by the court. Bergin v.Bergin, 3 Conn. App. 566, 569, 490 A.2d 543 (1985)
 III.
There is no return of service annexed to the complaint returned to the court. There is, however, a certification attached to the writ which reads as follows: "This is to certify that a copy of the foregoing was mailed to Attorney David Cosgrove, Office of Public Defender, Superior Court, G.A. 15, 125 Columbus Boulevard, New Britain, CT 06061; on 1-21-98." The certification is signed by the pro se plaintiff (and a notary public); the file contains a white CT Page 4118 certified mailing receipt and a green return receipt signed by a person other than the defendant. There is no claim that the service of the writ was other than by a certified mailing to the defendant at the Public Defender's Office, Superior Court, New Britain.
The plaintiff did not serve the defendant in compliance with General Statutes Sections 52-57 (a) and 52-54.[5] There is no return showing in hand or abode service. As our Supreme Court has stated: "[t]here is no substitute for in hand or abode service in accordance with General Statutes Section 52-54, where jurisdiction over the person of a resident individual is sought . . ." White-Bowman Plumbing andHeating v. Biafore, 182 Conn. 14, 16-17, 437 A.2d 833
(1980). The defendant's affidavit recites that he was never served in hand with a copy of the complaint and summons; the plaintiff acknowledges that there was neither personal service of the process on the defendant, nor service by leaving the process at defendant's abode. In Grayson v.Wofsey. Rosen. Kweskin. and Kuriansky, 40 Conn. Sup. 1, 3,478 A.2d 629 (1984), a legal malpractice action, service was made upon certain defendants, sued in their individual capacity, by delivering the process to the secretary of the firm at the firm's office address; the court, dismissing the action on the ground that the individual attorneys were not personally served, or served at their usual place of abode, stated: ". . . to comply with General Statutes Section 52-57 (a) service has to be made upon the defendant firm members personally or at their `usual place of abode.' Service was not made on the defendants personally. Also service was not made at the defendant's usual place of abode. Abode for purposes of General Statutes Section52-57 (a) is the place where the defendant would most likely have knowledge of the service of process and is generally recognized as the place where he is living at the time of service."
A plaintiff's failure to properly serve a defendant in compliance with an applicable statutes renders an action subject to dismissal under Practice Book Section 10-31. See e.g. Ertel v.Carothers, 34 Conn. App. 18, 20, 639 A.2d 1055 (1994) (motion to dismiss for insufficiency of service of process granted); Boardof Education v. Local 1282, 31 Conn. App. 629, 632, 626 A.2d 1314
(1993); Nelson v. Stop Shop Cos., 25 Conn. App. 637, 637-38,596 A.2d 4, cert. denied, 220 Conn. 924, 598 A.2d 364 (1991);Fischel v. Verkerke Reproductions USA, Inc., 21 Conn. App. 339,340, 573 A.2d 322 (1990). "Where a particular method of serving CT Page 4119 process is pointed out by statute, that method must be followed."Board of Education v. Local 1282, supra. "Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction." Id.
Here, the plaintiff does not dispute that he did not comply with § 52-54 and § 52-57 (a), the statutes dealing with service of process on individuals. He admits that he mailed the summons and complaint to the defendant's office. No statutory authority has been cited which permits this method of service. The plaintiff refers to certain difficulties with which he has been confronted as a result of his status as an inmate in a correctional facility; such difficulties, while unfortunate and problematical, do not have the effect of dispensing with the statutory requirements of service in the bringing of law suits. Similarly, the plaintiff's pro se status does not obviate the necessity of proceeding in full conformity with statutory and procedural requirements. "Although we allow pro se litigants some latitude, the, right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law." Lemoine v. McCann, 40 Conn. App. 460, 465,673 A.2d 115, cert. denied, 237 Conn. 904, 674 A.2d 1330 (1996). Seealso: Maloney v. Maloney, 17 Conn. App. 829, 830-31,553 A.2d 1169 (1989), cert. denied, 215 Conn. 811, 576 A.2d 542 (1990)
("Where a defendant acts as her own counsel,. she is bound by the same rules of procedure . . . as any other litigant, and will receive that same consideration as if she had been represented by an attorney."). Our Appellate Court has stated: "Great latitude is normally given to a litigant who . . . represents himself in legal proceedings . . . Such a litigant shall have the opportunity to have his case fully and fairly heard so far as such latitude is consistent with the just rights of any adverse party . . . Even pro se litigants, however, [are] `. . . bound by the same rules of . . . procedure as those qualified to practice law'." Mantell v. Greene, 15 Conn. App. 1, 5,542 A.2d 1169, cert. denied, 209 Conn. 805, 548 A.2d 441 (1988).
The plaintiff's failure to timely return the complaint and summons to court, as well as his failure to properly serve the defendant, requires dismissal of this action.
Defendant's motion to dismiss (File #103) is hereby Granted;
plaintiff's objection (File #107) is hereby Overruled.
CT Page 4120
Mulcahy, J.