TOWN OF GROTON *v.* CATHY LEWIS ET AL.
(AC 18497)

Foti, Landau and Stoughton, Js.

---

Argued February 16—officially released June 20, 2000

*Eustace H. Lewis, Jr.*, pro se, the appellant (defendant).

*Raymond L. Baribeault, Jr.*, with whom, on the brief, was *Andrew J. Brand*, for the appellee (plaintiff).

*Opinion*

STOUGHTON, J. This is an appeal from the judgment of the trial court approving a sale after a judgment of foreclosure by sale. On appeal, the defendant Eustace H. Lewis, Jr.,[1] claims that the court improperly (1) granted the committee's motion for the approval and acceptance of the committee report, deed, and sale, and for allowance of fees and costs, and (2) failed to

---

[1] The plaintiff brought this foreclosure action against the following defendants: Cathy Lewis; Zaki Abdul Salaam; Mark Robinson; Derrick Robinson; Jane Doe; John Doe; Michael Robinson; Rodney Robinson; Shawn Robinson; Lawrence and Memorial Hospital; Groton Dental Group; the city of Groton; state of Connecticut commissioner of revenue services; Eustace H. Lewis, Jr.; First National Bank of Boston, now known as Bank of Boston; state of Connecticut department of housing; and the United States of America acting by and through the Internal Revenue Service. This appeal concerns only Eustace H. Lewis, Jr. We refer in this opinion to Eustace H. Lewis, Jr., as the defendant.

disqualify itself from ruling on the committee's motion. We affirm the judgment of the trial court.

The following facts appear to be undisputed. On October 1, 1987, Eustace H. Lewis, Sr., was the owner of premises known as 40-42 Depot Road in Groton. On December 16, 1993, Eustace H. Lewis, Sr., and his conservator, Eustace H. Lewis, Jr., conveyed the premises to Cathy Lewis by a conservator's deed. Also on December 16, 1993, Cathy Lewis granted to Eustace H. Lewis, Jr., a life use in 42 Depot Road, which was one-half of the premises.

The plaintiff, the town of Groton, commenced this action in 1995 seeking foreclosure of liens for town taxes, which had been assessed yearly since 1987. There were a number of encumbrances on the property in addition to the tax liens. Eventually, on December 1, 1997, the court rendered a judgment of foreclosure by sale. There was no appeal from that judgment. The sale did not take place on January 24, 1998, as ordered in the judgment because the defendant filed for bankruptcy protection. After relief from the automatic stay was granted by the United States Bankruptcy Court, the foreclosure judgment was opened and the trial court ordered a sale on April 18, 1998. Thereafter, the court, over the defendant's objections, approved the committee sale, deed and report, allowed the committee fees and expenses, and ordered that the purchasers be given possession. The defendant has appealed from these orders of the court.[2]

I

The defendant claims first that the court improperly granted the committee's motion for the approval and

[2] The defendant has not appealed from the judgment of sale and has appealed from the confirmation of sale only.

acceptance of the committee report, deed and sale, and for allowance of fees and costs. We disagree.

In a judicial sale, "[t]he court is the vendor and the [committee] appointed to make the sale is the mere agent of the court." (Internal quotation marks omitted.) *Citicorp Mortgage, Inc.* v. *Burgos*, 227 Conn. 116, 120, 629 A.2d 410 (1993). A foreclosure action is an equitable proceeding, and the balancing of the equities in a particular case is a matter for the discretion of the trial court. Id.

Although he had been represented by counsel in some of the earlier proceedings, the defendant represented himself in briefing and arguing his appeal. "Where a defendant acts as his own counsel, as he has every right to do, 'his rights are subject to and will receive the same consideration as if he had been represented by an attorney.' . . . Such a litigant is bound by the same rules of evidence and procedure as those qualified to practice law." (Citation omitted.) *Cersosimo* v. *Cersosimo*, 188 Conn. 385, 394, 449 A.2d 1026 (1982); see also *Maloney* v. *Maloney*, 17 Conn. App. 829, 830, 553 A.2d 1169 (1989) (per curiam). " 'Although we allow pro se litigants some latitude, the right of self-representation provides no attendant license not to comply with relevant rules of procedural and substantive law.' *Blakeney* v. *Commissioner of Correction*, 47 Conn. App. 568, 586, 706 A.2d 989, cert. denied, 244 Conn. 913, 713 A.2d 830 (1998)." *State* v. *Vlasak*, 52 Conn. App. 310, 315, 726 A.2d 648, cert. denied, 249 Conn. 912, 733 A.2d 232 (1999).

In his objection to the committee's motion to approve the sale, the defendant claimed that (1) the cost of the sign advertising the sale listed in the report as $265[3] exceeded the "mandated" amount by $15, and that the cost of $310 for liability insurance for one day was

[3] The defendant concedes that the allowance for the cost of the sign was reduced to $250.

unreasonable, (2) the sale price of $38,000 was more than 20 percent below the appraisal of $50,000 and (3) possession should not be ordered because of his objections to the acceptance of the committee report and to the approval of the sale, fees and costs. The court overruled the defendant's objection.

The defendant has simply repeated in his brief the claims made in his objections to the acceptance of the committee report. He has filed an extensive appendix to his brief, which includes transcripts revealing that the court found that the insurance cost and the sale price were reasonable. These are essentially findings of fact and our review of them is "limited to whether the determination of the trier was clearly erroneous in the light of the evidence and the pleadings in the record as a whole." *Hartford Federal Savings & Loan Assn.* v. *Tucker*, 196 Conn. 172, 180, 491 A.2d 1084 (1985).

Here, the court observed that the insurance cost was similar to insurance costs in other cases. Although the premises were sold for less than the appraisal amount, "an appraisal made pursuant to a foreclosure by sale is not conclusive as to the value of the property"; *Danbury Savings & Loan Assn., Inc.* v. *Hovi*, 20 Conn. App. 638, 641, 569 A.2d 1143 (1990); and the court found that the amount was reasonable. The defendant has pointed to nothing in the evidence or record to support a claim that these findings are clearly erroneous. The claims in his brief that no bill from the sign maker was presented and that there was no photograph to show that the sign was ever erected were not made in the trial court and we will, therefore, not consider them. The claim that possession should not have been granted to the purchasers is merely mentioned, but not argued, and is deemed abandoned.

## II

The defendant also claims that the trial judge improperly failed to disqualify herself from ruling on the com-

mittee's motion. Specifically, he claims that the trial judge should have disqualified herself because she formerly practiced law at the same firm where the attorney appointed committee for the sale, Michael W. Sheehan, now practices. Although this claim was not raised in the trial court, the defendant claims that he learned of it only after reading a newspaper article after the judgment, which is now on appeal, had been rendered, and seeks review pursuant to the plain error doctrine. See Practice Book § 60-5. He claims further that because the committee's motion for approval was contested, the court should have disclosed this relationship. We disagree.

The article, which appears to have been published in the New London Day on July 25, 1997, long before the sale in the present case took place, is not a part of the record. The defendant, however, has provided a copy of it in the appendix to his brief. The article mentions, in passing, the law firm that the trial judge practiced at before her appointment to the bench in 1992. This appears to be the same firm at which Sheehan practices.

The defendant did not move to open the judgment after he became aware of the fact that Sheehan practices at the trial judge's former law firm. In addition, there is nothing in the record to suggest that Sheehan and the trial judge practiced at that firm at the same time or that they had ever practiced together. Moreover, canons 2 and 3 of the Code of Judicial Conduct, cited by the defendant, are not applicable to these circumstances. There is no indication in the record that the judge was anything but impartial and we can discern no reason why her impartiality should be called into question.

The judgment is affirmed.

In this opinion the other judges concurred.