[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT # 119
The plaintiff, Westchester Capital, L.L.C., commenced the present action to foreclose municipal tax liens assessed on the real property owned by the defendant, Zetta E. Skirmont, and located at 255 Beach Street in West Haven, Connecticut.[1]
The following facts are not in dispute. The city of West Haven (city) tax collector assessed municipal taxes on Skirmont's property on the October 1, 1986 through October 1, 1996 Grand Lists. The city duly and properly filed municipal tax liens on Skirmont's property and caused to be recorded certificates of liens for the taxes together with interest, fees and charges in its land records. On March 8, 1999, pursuant to General Statutes § 12-195h,[2] the city assigned the tax liens assessed on Skirmont's property for the 1986 through 1996 Grand List years to the plaintiff by Assignment of Municipal Tax Liens dated March 8, 1999 and recorded in volume 1083 at page 110 of the city's land records. (See Plaintiff's Memorandum of Law, Exhibit B, Assignment of Municipal Tax Liens.)
On February 2, 2000, the plaintiff filed an eleven-count amended complaint adding other defendants and seeking to foreclose the assigned tax liens. The allegations against Skirmont did not change.
On December 7, 1999, Skirmont filed an answer and special defenses. In her answer, Skirmont admitted all the allegations of the complaint except the allegations that no part of the municipal taxes were paid. In her special defenses, Skirmont alleged that (1) she was not indebted to the city for taxes except as they became due on a current basis; (2) the municipal tax liens which are the subject of this action were not properly assigned or conveyed to the plaintiff; (3) the procedure used to sell the tax liens to the plaintiff violated her due process rights under the Connecticut constitution; and (4) the statute empowering tax liens to be sold by municipalities is illegal and violates the Connecticut constitution. CT Page 12667
On February 17, 2000, the plaintiff filed a motion for summary judgment as to the defendant, Skirmont, on the issue of liability only. The parties have submitted supporting and opposing memoranda and affidavits.
 I DISCUSSION
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. (Citations omitted; internal quotation marks omitted.) Witt v. St. Vincent's MedicalCenter, 252 Conn. 363, 368, 746 A.2d 753 (2000)
The plaintiff moves for summary judgment against Skirmont on the grounds that it has established all the elements required in municipal tax lien foreclosure action, pursuant to Practice Book § 10-70, and that Skirmont's special defenses are unavailing. The plaintiff argues that Skirmont has admitted every allegation in its complaint except the allegations that the taxes were not paid. The plaintiff argues that Skirmont's failure to pay the taxes is established by the affidavit of Robert Anastasio, one of its members. Anastasio avers that as of the date of his affidavit, Skirmont had failed to pay the taxes due on the 1986 through 1996 Grand Lists. (See Summary Judgment, Schedule 1.)
In opposition to the motion, Skirmont argues that there is a genuine issue of material fact as to whether the plaintiff has established all the elements required for a municipal tax lien foreclosure action under § 10-70 of the rules of practice. Specifically, Skirmont argues that the plaintiff has failed to prove that no part of the taxes had been paid. Indeed, Skirmont argues that she entered into an instalment agreement with the city, in which she agreed to pay $300 per month on her tax liens, and that she made the monthly payments consistently. Skirmont argues that she did not become aware of the assignment of the tax liens until the city began returning her monthly payments. Skirmont further argues that the assignment of the tax liens is invalid because it CT Page 12668 purports to assign sewer charges, which are not assignable.
Skirmont submitted an affidavit in which she avers that on or about December 1, 1987, she reached an agreement with the city's tax collector to allow her to pay the property taxes that were due on her property at the rate of $300 per month. Skirmont attests that she made the monthly payments until March 17, 1999, when the tax collector refused to accept her payments because the liens had been sold. Furthermore, Skirmont avers that the demand for payment she received from the plaintiff included accrued taxes as well as fire district taxes and sewer use charges.
In its reply memorandum, the plaintiff argues that Skirmont has failed to prove that an actual payment arrangement existed between herself and the city. Even if such an arrangement existed, the plaintiff argues that as an assignee it is not bound by it. The plaintiff submitted the affidavit of Arthur Gilbert, the city's tax collector, in which he attests that the city had received periodic payments from or on behalf of Skirmont towards delinquent real property taxes. (See Plaintiff's, Exhibit B.) Gilbert avers that the payments were normally in the amount of $300 and were generally received on a monthly basis. Gilbert further states that in February, 1998, he advised Skirmont that a substantial payment had to be made towards the delinquent taxes or the matter would be referred for foreclosure. Gilbert states that a substantial payment was not made and the matter was referred for foreclosure in February, 1998. Gilbert further states that until the tax liens were assigned to the plaintiff in March, 1999, none of the payments received by the city were applied towards the principal amount of the taxes due for the 1986 through 1996 Grand List years. Moreover, Gilbert attests that after the assignment to the plaintiff, the city did not have the authority to accept or apply payments made towards the tax liens and any such payments were refused.
In response to the plaintiff's reply memorandum, Skirmont submitted the affidavit of Edmund L. Pantani, the attorney that represented her with regard to her property tax obligations. (See Supplement to Defendant Skirmont's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment.) Pantani affirms that the payment agreement was made with Eugene Dorsi, of the corporation counsel office. Specifically, Pantani avers that Skirmont agreed to pay $300 per month for current and back taxes, and that in return no legal action of any kind would be brought against her. Pantani further states that he initially sent the monthly payments to the city until Skirmont began to make the payments directly. Pantani attests that the payments were made and accepted without incident until sometime around the commencement of this foreclosure action or the time of the assignment of the tax liens.
CT Page 12669 Thereafter, the plaintiff submitted a supplemental memorandum, in which it argues that if an agreement existed, it was breached by Skirmont's failure to make regular monthly payments and her failure to pay the current taxes. The plaintiff submitted a second affidavit by Arthur Gilbert, in which he avers that prior to the assignment of the tax liens the city had an informal and unwritten agreement with Skirmont that she would pay $300 per month towards the interest and arrears on delinquent taxes for the property. (See Plaintiff's supplemental Memorandum of Law, Affidavit of Arthur Gilbert.) Gilbert states that the agreement was contingent upon Skirmont paying the current taxes as they became due. Gilbert further avers that the city's payment records indicate that consistent monthly payments were not made and also that the current taxes were not paid as they became due.
"A foreclosure action is an equitable proceeding and the balancing of the equities in a particular case is a matter for the discretion of the trial court." Groton v. Lewis, 58 Conn. App. 359, 362, ___ A.2d ___ (2000). "Where the plaintiff's conduct is inequitable, a court may withhold foreclosure on equitable considerations and principles." (Citations omitted; internal quotation marks omitted.) SouthbridgeAssociates, LLC v. Garofalo, 53 Conn. App. 11, 15-16, 728 A.2d 1114, cert. denied, 249 Conn. 919, 733 A.2d 229 (1999).
Practice Book § 10-70(a) provides: "In any action to foreclose a municipal tax or assessment lien the plaintiff need only allege and prove: (1) The ownership of the liened premises on the date when the same went into the tax list, or when said assessment was made, (2) that thereafter a tax in the amount specified in the list, or such assessment in the amount made, was duly and properly assessed upon the property and became due and payable; (3) (to be used only in cases where the lien has been continued by certificate) that thereafter a certificate of lien for the amount thereof was duly and properly filed and recorded in the land records of the said town on the date stated; (4) that no part of the same has been paid; and (5) other encumbrances as required by the preceding section."
"At common law, the only defenses to an action of this character would have been payment, discharge, release or satisfaction . . . or, if there had never been a valid lien. . . . Moreover, our courts have permitted several equitable defenses to a foreclosure action. [I]f the mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, foreclosure cannot be had. . . . Other equitable defenses that our Supreme Court has recognized in foreclosure actions include unconscionability . . . abandonment of security . . . and usury." (Citations omitted; internal quotation marks omitted.) Southbridge Associates, LLC v. Garofalo,
CT Page 12670 supra, 53 Conn. App. 15-16.
In the present case, the court finds that there was an arrangement between the city and Skirmont, in which Skirmont agreed to pay $300 per month on her delinquent and current municipal taxes. (See Affidavit of Arthur Gilbert.) Because of the conflicting affidavits submitted both in support and in opposition to the present motion, there are genuine issues of material fact as to whether Skirmont breached the arrangement by failing to make consistent payments on both the delinquent and current taxes. Therefore, the court finds that there are genuine issues of material fact as to whether the plaintiff has proved all of the elements it is required to prove in a municipal tax foreclosure action. See Practice Book § 10-70. Accordingly, the plaintiff's motion for summary judgment is denied.
The Court
By Curran, J.