Norcott CORBY, Plaintiff,

v.

WARDEN, Rikers Island, Captain B. Fraizer, Patrick Mullen, Hearing Officer New York State Division of Parole, Defendants.

No. 83 Civ. 0281.

United States District Court, S.D. New York.

April 29, 1983.

Norcott Corby pro se.

Robert Abrams, Atty. Gen. of the State of N.Y., New York City, for defendant Mul-

len;  Bridget E. Farrell, Asst. Atty. Gen., New York City, of counsel.

### EDWARD WEINFELD, District Judge.

Plaintiff, Norcott Corby, is incarcerated in the House of Detention for Men on Rikers Island ("Rikers Island").  He brings this action under 42 U.S.C., section 1983, charging three defendants (the warden of Rikers Island, an officer at the facility, and Patrick Mullen ("Mullen"), a hearing officer in the New York State Division of Parole) with violating his constitutional rights. Mullen has moved to dismiss the complaint as to him under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Mullen conducted a parole violation hearing on September 15, 1982, at which plaintiff admitted violation of two charges with an explanation.  He then requested and was granted permission to submit within fourteen days documents supporting his explanation of mitigating circumstances. (Revocation hearing;  plaintiff's letter October 22, 1982).  Plaintiff, at the time of the hearing and thereafter, was confined at Rikers Island on a pending criminal charge. The documentation was not submitted within the specified period.  On October 11, 1982 Mullen recommended that the parole violation charges be sustained, that plaintiff's parole be revoked and that he be held six months until his next parole board appearance.  An appeal from that recommendation is now pending before the Parole Commission.

Following receipt of the recommendation, plaintiff wrote to Mullen that the documentation or statements that purportedly would explain his parole violation had been mailed to him "in adequate time that they be forwarded to you before the 14 day expiration period.  However, due to the fact that Department of Corrections officials here at Riker's Island were intercepting my mail for more than 4 weeks (between Sept. 15 and October 15) those statements and affidavits which were vital to my defense were continuously being withheld from me and returned to sender under the guise that I was no longer at Riker's Island."

In this action plaintiff alleges Mullen, as well as the Warden and an officer at Rikers Island, "either acting singularly or in whole, alone or in concert," (1) "intercepted, delayed, opened and read" 37 pieces of plaintiff's mail;  that as a result of such acts his parole was revoked and he was unable to post bail on pending criminal charges against him in the Supreme Court, Bronx County;  (2) caused plaintiff to stand up for 16 hours in Bronx Criminal Court;  and (3) caused plaintiff to be removed from a visitation room at Rikers Island.

Mullen moves to dismiss the charges against him on the ground that he is immune from section 1983 liability under the doctrine of *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), and its progeny because he was at all times acting within the scope of his authority as a quasi-judicial officer.  Insofar as the plaintiff purports to allege a claim against defendant based on Mullen's acts as a judicial officer, that doctrine applies.  However, the plaintiff here has made the broad charge referred to above that Mullen and the other defendants acted in concert in the interception of his mail.  But it is evident from his own statements contained in the record presented on this motion that the plaintiff was in custody at Rikers Island of the defendants other than Mullen, and it was those defendants who had him in custody at the time he claims his mail was intercepted, which prevented plaintiff from presenting it to Mullen.  In fact, he wrote to Mullen complaining of the conduct of others with respect to the mail interception.

It is obvious that there is no basis to the claim, other than plaintiff's conclusory allegations, that Mullen was involved in any acts or conduct committed at Rikers Island. In *Martin v. New York State Department of Mental Hygiene,* 588 F.2d 371, 372 (2d Cir.1978) (per curiam), the court observed that "[i]t is well settled in this Circuit that a complaint consisting of nothing more than naked assertions, and setting forth no facts upon which a court could find a violation of the Civil Rights Acts, fails to state a claim

under Rule 12(b)(6)." (Citing *Serzysko v. Chase Manhattan Bank,* 461 F.2d 699, 703 (2d Cir.) (per curiam), *cert. denied,* 409 U.S. 883, 93 S.Ct. 173, 34 L.Ed.2d 139 (1972)). *Accord Kadar Corp. v. Milbury,* 549 F.2d 230, 233 (1st Cir.1977); *American Communications Association v. Retirement Plan for Employees of RCA Corporation,* 488 F.Supp. 479, 484 (S.D.N.Y.), *aff'd without opinion,* 646 F.2d 559 (2d Cir.1980). *Cf. Powell v. Jarvis,* 460 F.2d 551, 553 (2d Cir. 1972); *Wallace v. International Organization of Masters, Mates and Pilots,* 547 F.Supp. 155, 158 (S.D.N.Y.1982). Accordingly, Mullen's motion to dismiss is granted.