Ken P. BLACK SPOTTED
HORSE, Appellant,

v.

Loren ELSE, Appellee.

No. 84–5245.

United States Court of Appeals,
Eighth Circuit.

Submitted June 27, 1985.

Decided July 16, 1985.

Ken P. Black Spotted Horse, pro se.

James E. Lackner, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before ROSS, ARNOLD and BOWMAN, Circuit Judges.

ARNOLD, Circuit Judge.

Ken P. Black Spotted Horse, a prisoner at the Federal Correctional Institution at Sandstone, Minnesota, brought this action against Loren Else, a correctional officer, for violation of his constitutional rights. The District Court,[1] correctly construing the complaint as attempting to state a claim under the doctrine of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), granted the defendant's motion for summary judgment and dismissed the action. On appeal, plaintiff argues that his claim was sufficiently pleaded and supported by proof to survive

1. The Hon. Robert G. Renner, United States  District Judge for the District of Minnesota.

summary judgment, and that the United States Attorney violated certain unspecified treaties by representing Else rather than Black Spotted Horse. We affirm.

For present purposes, we accept the allegations of the complaint as true, though defendant vigorously insists that they are not. Plaintiff, a Native American, alleges that on July 24, 1983, the defendant Loren Else, a safety officer, watched him enter his cell, referred to as a cubicle. As plaintiff sat on his bed, or on a chair in the cubicle, Else and another officer pushed the wall of the cubicle, striking and bruising plaintiff's leg. Then, in a belligerent manner, Else called plaintiff out of the cell, stating, "[s]tep out and don't push my button." As plaintiff left the cubicle, Else poked him in the back with his arm or finger.

■ We have carefully read the entire original file of the District Court, including each of the affidavits submitted by plaintiff in response to defendant's motion for summary judgment. The allegation that defendant caused a relatively minor injury to appellant's leg, poked him in the back, and spoke in a belligerent tone fails to state a claim under the Eighth Amendment. The conduct claimed may amount to a battery, for which plaintiff would have an action under state law, but it is not a constitutional violation. "Not every push or shove ... violates a prisoner's constitutional rights." *Sampley v. Ruettgers*, 704 F.2d 491, 494 (10th Cir.1983), quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.) (Friendly, J.), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). The conduct charged is simply not sufficiently inhumane or barbarous as to amount to "cruel and unusual punishment." See also *Burns v. Swenson*, 430 F.2d 771, 778 (8th Cir.1970), *cert. denied*, 404 U.S. 1062, 92 S.Ct. 743, 30 L.Ed.2d 751 (1972).

■ Plaintiff also claims that on various occasions, though not at the time of the alleged shoving, Else made discriminatory statements against Native Americans. A complaint clearly alleging that a correctional officer inflicted physical injury upon an inmate because of racial prejudice would, we think, state a claim under the equal-protection component of the Due Process Clause of the Fifth Amendment, whether or not the physical injury inflicted was sufficiently grave to implicate the Eighth Amendment. Here, however, even when the complaint and supporting papers are read with the indulgence to which pro se pleadings are entitled, the allegations are not sufficiently specific to rise to this level. Even a pro se complaint may be dismissed if it is wholly conclusory, and this complaint, when read in the context of the entire file, claims simply that the defendant inflicted injury, perhaps deliberately, perhaps negligently, on the plaintiff, and that the defendant is prejudiced against Native Americans, a class to which plaintiff belongs. In our view, the connection between the physical injury and the claimed racial prejudice is not close enough to create a "genuine" issue of material fact, so as to survive defendant's motion for summary judgment.

■ Finally, the contention that the United States Attorney has a duty to represent Black Spotted Horse rather than Else is without merit. The defendant is an employee of the United States, and under 28 U.S.C. § 517 (1982) officers of the United States may be sent to attend to the interests of the United States in any pending suit. It is clearly in the interest of the United States to defend federal employees who are charged with misconduct in the course of their duties. It is true, as plaintiff argues, that Native Americans are wards of the United States, and that the federal government owes them a special fiduciary duty in the nature of guardianship. This is not at all the same thing as saying that the United States Attorney, when a Native American asserts claims directly adverse to a federal employee, must abandon the defendant and take the side of the plaintiff. The District Court could, of course, have appointed counsel to represent plaintiff, but we cannot say that it abused its discretion in not doing so.

Affirmed.