Melvin O. WRIGHT, Plaintiff,

v.

Joseph SANTORO, et al., Defendants.

No. 88 Civ. 4362 (PKL).

United States District Court,
S.D. New York.

June 7, 1989.

Melvin O. Wright, Ossining, N.Y., pro se.

Eugene E. Zegarowicz, Asst. Atty. Gen., New York City, for defendants.

LEISURE, District Judge.

Plaintiff *pro se* filed a complaint in the above captioned action on June 22, 1988, and the action was referred for all purposes to the Honorable Barbara A. Lee, United States Magistrate of this Court, by order dated August 1, 1988.

All defendants moved to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff cross-moved to amend the complaint and to add new defendants, as well as for appointment of counsel. Magistrate Lee reviewed the submissions of the parties, and on April 13, 1989, issued

a Report and Recommendation (the "Report") with respect to the various motions.

The Report recommended that the motions of defendants be granted and the present complaint be dismissed, and that plaintiff's motion to amend be denied. The Magistrate determined that the proposed additional claims are unrelated to the claims asserted in the present complaint, and appear similarly insufficient, and judicial economy would thus be better served in dismissing the present complaint without prejudice to the plaintiff commencing a separate action. *See,* Report at 6. The plaintiff's application for appointment of counsel was denied by the Magistrate, as the claims were held not to approach even the minimum threshold of viability required under *Hodge v. Police Officers,* 802 F.2d 58, 60 (2d Cir.1986). *See,* Report at 6. *See also Cooper v. A. Sargenti Co., Inc.,* 877 F.2d 170, 171–174, (2d Cir.1989) (per curiam).

On May 15, 1989,[1] plaintiff submitted a Reply to Report and Recommendation (the "Reply"). That Reply consisted of a three page letter to this Court, along with copies of materials previously submitted to the Court and to the Magistrate, including various of plaintiff's prison correspondences and grievances. The Court has reviewed these materials, as did the Magistrate, to determine if the alleged facts and the complaint give rise to a legally sufficient claim under § 1983 or § 1985, applying the very liberal standards delineated in *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) and *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

■ The allegations in the Complaint, as well as the general assertions in the Reply to this Court, do not give rise to a legally sufficient claim for relief. With regard to defendant Santoro, the Magistrate correctly determined that the allegations, even taken in the most liberal light, do not state a deprivation of liberty or property. Report at 3. *See e.g., Johnson v. Glick,* 481 F.2d 1028, 1033 n. 7 (2d Cir.), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973). *Black Spotted Horse v. Else,* 767 F.2d 516, 517 (8th Cir.1985). Similarly, the medical treatment and harassment claims against defendant Vega do not approach deliberate indifference and an Eighth Amendment violation, *Estelle v. Gamble,* 429 U.S. 97, 104–05, 97 S.Ct. 285, 291–92, 50 L.Ed.2d 251 (1976), and are too vague to withstand a motion to dismiss. *Barr v. Abrams,* 810 F.2d 358, 363 (2d Cir.1987). The Magistrate's determinations regarding the remaining defendants likewise correspond with the Court's conclusions.

■ With regard to the plaintiff's motion to amend the Complaint, the Court is persuaded by the Magistrate's assessment of the proposed amendment and the allocation of judicial resources. *See* Report at 6. Presently allowing the proposed amendment in this case would serve no purpose. The Complaint will be dismissed, without prejudice to the plaintiff commencing a separate action against individuals "as to whom he is able to allege specific facts consistent with Rule 11, Fed.R.Civ.P., and the standards of pleading [for] a § 1983 claim discussed in this opinion." Report at 6.

■ Finally, the Court notes that the Magistrate's determination of the plaintiff's application for appointment of counsel was entirely proper under the standards set out in *Hodge v. Police Officers,* 802 F.2d at 60. The correctness of that conclusion is particularly apparent when considered in light of the Second Circuit's most recent discussion of the issue. *See Cooper v. A. Sargenti Co., Inc., supra.*

The Report is hereby adopted in its entirety. The defendants' motion to dismiss is granted. Plaintiff's motion to amend the complaint, and his application for appointment of counsel, are denied, without prejudice to the commencement of a separate

---

**1.** These objections were submitted after the expiration of the ten day time period following the Report, as provided under Fed.R.Civ.P. 72(b) and Rule 7 of the local Rules for Proceedings before Magistrates. The Court has nevertheless considered that submission, and conducted a *de novo* review of the material now before the Court.

action against individual defendants as to whom plaintiff can allege sufficient facts, in accordance with the standards set out in the Report.

SO ORDERED.

## REPORT AND RECOMMENDATION TO JUDGE LEISURE

BARBARA A. LEE, United States Magistrate.

This is a prisoner civil rights action against seven corrections officers at Sing Sing Correctional Facility and four officials of the Department of Corrections. It was referred to me for all purposes by Order of Reference entered August 1, 1988. All defendants have moved to dismiss pursuant to Rule 12(b)(6). Plaintiff moves for appointment of counsel and for leave to amend his complaint to add four additional defendants. Defendants' motion should be granted and plaintiff's motion denied.

The complaint alleges racial discrimination by defendant Santoro in the form of verbal abuse and "false disciplinary reports." The other defendants named in the original complaint are alleged in general terms to have "covered up" for Santoro and "condone[d]" his conduct. Plaintiff also alleges that he has filed grievances with respect to the facts, with the result "[d]enied in some and was agreed I was right but no action was taken."

Plaintiff filed no papers in opposition to the motion to dismiss but, shortly after the motion was filed, mailed to the court copies of his grievances, correspondence relating to the disciplinary reports and correspondence concerning his efforts to retain counsel. I have reviewed all of these documents in connection with the motion under Rule 12(b)(6), in order to ascertain whether, in accordance with the liberal standards mandated by *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) and *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957), the facts give rise to any legally sufficient claim for relief under 42 U.S.C. §§ 1983 or 1985. They do not.

### I.

■ 1. *Correction Officer Santoro.* The specific allegations of the complaint as to this defendant are as follows:

> I have been a victim of racial discrimination by Correction Joseph Santoro. The other defendants have continuously covered for the racist attitudes of Correction Santoro and even when I have brought proof of this racist conduct to the defendants, they continue to allow the defendant Santoro to tell BLACK INMATES to "Get your black ass out of my office"; "To get your black ass off my gate". "I'll lock your black ass up". The defendant Santoro has continuously written false disciplinary reports against the plaintiff and told malevolent lies against the plaintiff. The defendant Santoro when another black inmate filed a civil rights complaint against him, made false reports of an alleged plot against him and stated that this plot was reported to him by a confidential inmate informant. [Cplt ¶ IV; spelling and punctuation as in original.]

The remarks attributed to defendant Santoro do not, without more, amount to a violation of Constitutional rights. *Johnson v. Glick*, 481 F.2d 1028, 1033 n. 7 (2d Cir.), *cert. denied*, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973); *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir.1985) ("discriminatory statements" reflecting racial prejudice not actionable under § 1983 where not shown to be connected with physical injury); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir.1979); *Zeno v. Cropper*, 650 F.Supp. 138, 141 (S.D.N.Y. 1986); *Garcia v. Torreggiani*, No. 84 Civ. 9125 (LBS), 1985 WL 3957 (S.D.N.Y. November 26, 1985); *Savage v. Snow*, 575 F.Supp. 828, 837 (S.D.N.Y.1983). The "false disciplinary report" is not further described in the complaint and no reference to such an incident appears in the grievances filed by plaintiff. Absent any facts showing that such a report actually deprived plaintiff of liberty or property, and that the falsity was intentional, no Constitutional issue is raised. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88

L.Ed.2d 662 (1986). There are simply no facts in the record relating to conduct by defendant Santoro amounting to violation of any Constitutionally protected interest.

■ 2. *Corrections Officer Vega.* The allegations with respect to this defendant are that

> The defendant William Vega, knowing the plaintiff was sick and under medical treatment, refused to keep the heat at the proper temperature and by so doing, caused me suffer hemorrhages, nose bleeds and shortness of breath. Defendant Vega has tried to extort commissary items from the plaintiff and has helped defendant Santoro continue to harass the plaintiff in his racial manner. [Cplt. ¶ IV–A]

The grievance correspondence indicates a dispute concerning heat in the dormitory, which the Superintendent referred to the Honor Committee of the cell block for resolution, since the problem seemed to be that some prisoners complained the cell block was too hot while others considered it too cold. Plaintiff agreed in writing to accept the superintendent's decision without further appeal. This fact pattern thus falls far short of the "deliberate indifference to serious medical needs of prisoners" giving rise to an Eighth Amendment claim under *Estelle v. Gamble,* 429 U.S. 97, 104–05, 97 S.Ct. 285, 291–92, 50 L.Ed.2d 251 (1976). Thus it is clear that no issue of Constitutional dimension is raised by this allegation.

■ The grievance papers cast no light on what plaintiff means by "extort commissary items" or how defendant Vega "harass[ed]" him. Allegations of this kind are too vague to withstand a motion to dismiss. *Barr v. Abrams,* 810 F.2d 358, 363 (2d Cir.1987).

■ 3. *Other defendants.* The dismissal of the complaint against defendant Santoro would moot the allegations that other defendants condoned his actions. The vague and conclusory allegations against the remaining defendants are nevertheless legally insufficient in any event. General allegations of "condoning" or "helping" will not withstand a Rule 12(b)(6) motion unless supported by specific allegations of fact. *Barr,* 810 F.2d at 363; *Ostrer v. Aronwald,* 567 F.2d 551, 553 (2d Cir.1977); *Powell v. Jarvis,* 460 F.2d 551 (2d Cir.1972); *Vitale v. Nuzzo,* 674 F.Supp. 402, 404 (D.Conn.1986); *Corby v. Warden,* 561 F.Supp. 431 (S.D.N.Y.1983). Neither the complaint nor the grievance papers submitted by plaintiff in support of it includes any suggestion of specific conduct on the part of either the other corrections officers, the superintendent or the other departmental officials relating in any way to Officer Santoro's alleged racial remarks or "false investigative report."[1] Nor can any of the defendants be sued on a theory of respondeat superior; a showing of personal responsibility by each defendant is required. *Johnson v. Glick,* 481 F.2d at 1034; *Bellamy v. McMickens,* 692 F.Supp. 205, 211–12 (S.D.N.Y.1988); *see also Liffiton v. Keuker,* 850 F.2d 73, 76 (2d Cir.1988). The general language of the allegations quoted in the complaint does not meet that standard.

Thus, plaintiff has failed to state a legally sufficient claim against any of the defendants originally sued. His proposed amendment, as discussed below, would not cure these defects. Dismissal under Rule 12(b)(6) should be granted.

## II.

Plaintiff seeks to amend the complaint to add four defendants: Correction Officer Sergeant T. McElroy, described as "Housekeeping Sergeant" at Sing Sing and Thomas Foley, described as "Program Assignment Chairman," both of whom are alleged to have caused the plaintiff "loss of wages, severe mental anguish and deprivation of his constitutional rights"; Dr. Benjamin Dyett and Nurse Administrator Ann Quin-

---

**1.** Plaintiff did file a grievance as a result of the making of the remarks, which was denied by the Superintendent (defendant Sullivan) after a "thorough investigation" by the Deputy Superintendent (defendant Keane) on the ground that "the allegations of harassment cannot be substantiated." Plaintiff appealed this determination, but the results of that appeal are not included in the papers submitted. Nothing in plaintiff's papers suggests any impropriety in the handling of this grievance.

lan, both of whom are alleged to have denied plaintiff medical attention and caused him "mental anguish and deprivation of his constitutional rights."

■ No proposed pleading is attached to the motion and no facts are stated concerning the claims plaintiff seeks to assert against the four additional defendants. There is nothing in the motion suggesting any connection between these claims and the ones asserted in the original complaint; nor are the claims plaintiff seeks to assert against the proposed additional defendants described with sufficient specificity to permit any determination of their legal sufficiency. In the circumstances, granting leave to amend would serve no purpose except to invite another motion to dismiss. Judicial economy would be better served by denying the motion, without prejudice to plaintiff's commencing a separate action against individuals as to whom he is able to allege specific facts consistent with Rule 11, Fed.R.Civ.P., and the standards of pleading a § 1983 claim discussed in this opinion.

### III.

■ Plaintiff also moves for appointment of counsel. For the reasons stated in Part I, his claim does not satisfy the threshold requirement of merit necessary for exercise of the court's discretion to appoint counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir.1986).

The foregoing constitutes my recommendation for the disposition of this action pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Any party may serve and file written objections to this Report and Recommendation within ten days of being served with a copy as provided by Fed.R.Civ.P. 72(b) and Rule 7 of the local Rules for Proceedings before Magistrates.

Dated: New York, New York
    April 13, 1989