**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**JUL 21 1998**

**PATRICK FISHER**
**Clerk**

PATRICK WILLIAMS,

      Plaintiff - Appellant,

v.

SHARON LEVANSAILOR,

      Defendant - Appellee.

No. 98-4006
(D.C. No. 94-CV-426)
(District of Utah)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY** and **LUCERO**, Circuit Judges.

Patrick Williams, an inmate at the Salt Lake County Metro Jail, filed a

lawsuit against Sharon Levansailor, a medical technician employed by the Metro

Jail, pursuant to 42 U.S.C. §§ 1983, 1985. Williams alleges that defendant

violated his rights under the Fourteenth Amendment by telling a racist joke in

front of him and other inmates. The district court granted summary judgment in

---

[*]The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 36.3.

favor of defendant, adopting the findings of the Magistrate's Report and Recommendation. We affirm.

Plaintiff, claims the defendant, while distributing medication at the Metro Jail, called some white inmates to the bars of the cell and asked if they wanted to hear a good joke. When Williams asked what was happening, defendant allegedly responded that she was telling a joke about "you guys" and laughed. According to plaintiff, defendant then proceeded to tell a racially derogatory joke that offended and embarrassed Williams.

This conduct, if true, is deplorable and unprofessional. It does not, however, constitute a violation of plaintiff's Fourteenth Amendment rights. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979) (verbal abuse alone is not actionable under § 1983); see also Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (same) (quoting Collins, 603 F.2d at 827); Patton v. Przybylski, 822 F.2d 697, 700 (7th Cir. 1987) (use of derogatory racial epithets does not violate Fourteenth Amendment); Black Spotted Horse v. Else, 767 F.2d 516, 517 (8th Cir. 1985) (use of racial slurs only violates Fourteenth Amendment if coupled with physical force or other egregious conduct); cf. Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir. 1987) (verbal abuse does not violate Eighth Amendment).

Plaintiff also asserts a claim alleging disparate treatment and failure to train. These issues were not raised before the district court and he may not raise

them for the first time on appeal.  See Lyons v. Jefferson Bank & Trust, 994 F.2d

716, 722 (10th Cir. 1993).

**AFFIRMED.**

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge