**Dr. Fernando COMMODARI,**
**Plaintiff–Appellant,**

v.

**LONG ISLAND UNIVERSITY** and **Long Island University Faculty Federation, Local 3998, NYSUT, AFT, AFL–CIO, Defendants–Appellees.**

No. 02–7721.

United States Court of Appeals,
Second Circuit.

April 2, 2003.

Fernando Commodari, Ph.D., Carroll-ton, GA, for Plaintiff–Appellant, pro se.

Thomas S. Baylis, Cullen & Dykman, Garden City, NY, for Defendant–Appellee Long Island University.

Mitchell H. Rubinstein, Office of General Counsel, N.Y. State United Teachers, New York, NY, for Defendant–Appellee Long Island University Faculty Federation.

PRESENT: FEINBERG, VAN GRAAFEILAND, and F.I. PARKER, Circuit Judges.

### SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTEN-TION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Fo-ley Square, in the City of New York, on the 2nd day of April, Two Thousand and Three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Order of the district court is AFFIRMED.

Plaintiff-appellant Dr. Fernando Com-modari appeals from a final judgment en-tered March 22, 2002 in the United States District Court for the Eastern District of New York (David G. Trager, *Judge* ), dis-missing Commodari's "hybrid" Labor Management Relations Act § 301/duty of fair representation action and employment discrimination action pursuant to 42 U.S.C. §§ 1981 and 1983 and Titles VI and VII of the Civil Rights Act of 1964, against both Defendants, the Long Island University ("LIU") and the Long Island University Faculty Federation (the "Union"). The district court also denied Commodari's mo-tion for injunctive relief.

In a Revised Memorandum and Order dated March 31, 2000, *Commodari v. Long Island Univ., et al.,* 89 F.Supp.2d 353 (E.D.N.Y.2000) ("Commodari I" ), the dis-trict court granted both Defendants' sum-mary judgment motions on Commodari's § 301/duty of fair representation claim, the Union's motion for summary judgment on Commodari's discrimination claims, and LIU's motion to dismiss on Commodari's

§ 1983 and Title VI claims. The district court also determined that, with the exception of a single employment decision taken in November 1998, all employment decisions forming the basis of Commodari's employment discrimination claim against LIU were untimely. It dismissed the Title VII claim to the extent that it was based on these predicate acts. Remaining after *Commodari I* were Commodari's limited Title VII employment discrimination claim and his § 1981 action, both asserted against LIU.

In a subsequent unpublished Memorandum and Order dated March 20, 2002, *Commodari v. Long Island Univ., et al.,* 99 CV 2581 (E.D.N.Y. March 20, 2002) (*"Commodari II"*), the district court granted LIU's motion for summary judgment on the remainder of Commodari's claims. We find no error in the district court's dismissal of Commodari's claims.

■ Turning first to the denial of injunctive relief, we review for an abuse of discretion. *See New York City Envtl. Justice Alliance v. Giuliani,* 214 F.3d 65 (2d Cir.2000). The district court did not abuse its discretion when it concluded Commodari failed to establish a likelihood of success on the merits.

■ Reviewing de novo the district court's grant of summary judgment, *Singer v. Fulton County Sheriff,* 63 F.3d 110, 114 (2d Cir.1995), we view the evidence in the light most favorable to Commodari and draw all inferences in his favor, *see Weyant v. Okst,* 101 F.3d 845, 854 (2d Cir. 1996). For substantially the reasons set forth by the district court in *Commodari I,* we find that Commodari failed to adduce sufficient evidence in support of his § 301/fair representation claim against both LIU and the Union to create a genuine issue of material fact for purposes of defeating summary judgment. We, like the district court, find it utterly implausible that Com-

modari's termination marked a breach by LIU of the collective bargaining agreement and find no evidence that the Union acted in bad faith or in an arbitrary or discriminatory manner in violation of its duty of fair representation, as necessary to survive summary judgment on such a "hybrid" claim. *See DelCostello v. International Bhd. of Teamsters,* 462 U.S. 151, 163–64, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *see also Air Line Pilots Ass'n, Int'l v. O'Neill,* 499 U.S. 65, 67, 111 S.Ct. 1127, 113 L.Ed.2d 51 (1991).

■ Regarding the remaining employment discrimination claims against the Union, we find Commodari adduced no evidence beyond mere conclusory allegations to establish a prima facie case under § 1981 and Title VII, *see* Fed.R.Civ.P. 56(e), no state action by the Union, a private actor, to sustain his § 1983 action, *see Ciambriello v. County of Nassau et al.,* 292 F.3d 307, 323, 324 (2d Cir.2002), and no evidence that the Union received federal financial aid for purposes of sustaining his Title VI claim, *see Soberal–Perez v. Heckler,* 717 F.2d 36, 38 (2d Cir.1983), *cert. denied,* 466 U.S. 929, 104 S.Ct. 1713, 80 L.Ed.2d 186 (1984). Accordingly, summary judgment was properly granted.

■ We review de novo the district court's dismissal of Commodari's claims against LIU in *Commodari I* for failure to state a claim, "taking all factual allegations in the complaint as true and construing all reasonable inferences in favor of the plaintiff." *Friedl v. City of New York,* 210 F.3d 79, 83 (2d Cir.2000). We, too, find dismissal of Commodari's § 1983 and Title VI claims proper as Commodari failed to allege any facts establishing a nexus between his termination by LIU and any state action to sustain the former, *see generally American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50, 119 S.Ct. 977,

143 L.Ed.2d 130 (1999) (§ 1983 action does not reach purely private conduct), or any nexus between his termination and a federally funded LIU program or activity to sustain the latter, *see Association Against Discrimination in Employment, Inc. v. City of Bridgeport,* 647 F.2d 256, 276 (2d Cir.1981).

In addition to properly ruling that several predicate employment decisions underlying Commodari's Title VII claim were untimely under 42 U.S.C. § 2000e–5(e)(1) (1994), the district court also correctly ruled in *Commodari II* that Commodari failed to adduce sufficient evidence to withstand summary judgment on his § 1981 and Title VII claims. Specifically, he failed to allege facts or adduce evidence establishing a prima facie case of intentional discrimination or retaliation or that LIU's justifications were mere subterfuge. Summary judgment was properly granted.[1]

■ Finally, we turn to Commodari's motion for sanctions. Commodari moved this Court in October 2002 to impose sanc-

tions against LIU and the Union. Commodari alleges LIU's counsel engaged in improper ex parte communications with a court law clerk in the Staff Attorney's Office when it inquired about filing its appellate brief and appendix. Commodari also maintains that counsel for the Union has engaged in unethical communications with Commodari amounting to "scare tactics" in an attempt to force him to forego his lawsuit. We find Commodari's claim to be wholly frivolous and deny his request for sanctions.

For the reasons stated above, the district court's judgment dismissing Plaintiff's amended complaint is hereby AFFIRMED. Commodari's request for sanctions is DENIED.

---

1. Commodari also challenges on appeal the district court's discovery rulings. These claims are without merit. Having determined that all substantive claims asserted by Commodari were properly dismissed, we see no need to examine the district court's discovery rulings in any depth.