**Diana L. KELLY, Plaintiff,**

v.

**Police Officer Randall RICE, Westchester County Department of Public Works, Individual and Official Capacity, Defendants.**

No. 04 CIV. 7770.

United States District Court,
S.D. New York.

March 4, 2005.

Diana Kelly, Plaintiff Pro Se.

## MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT

MCMAHON, District Judge.

Pro se plaintiff, Diana L. Kelly, brings an action against defendant, Police Officer Randall Rice in his individual and official capacity and against Westchester County[1] after plaintiff was issued a parking ticket. Plaintiff alleges causes of action pursuant to Title II of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12131–12165, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, and 42 U.S.C. § 1983 against defendants seeking declaratory relief, compensatory, and punitive damages. Defendants move to dismiss the complaint in its entirety for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants' motion is granted.

### BACKGROUND

On the evening of October 11, 2003, at or about seven o'clock, Plaintiff, an African American woman, arrived at the Cortlandt Town Center with two passengers and parked her car in a handicapped parking space in front of the Wal–Mart store. Plaintiff displayed a handicap parking tag in her rear view mirror. Plaintiff alleges that she has the handicap tag because she is physically disabled. She allegedly suffers from fibromyalia (pain in the muscles, ligaments, and tendons), chronic back pain, leg pain, and has had surgery on her back and "requires an aid at times to walk and

---

**1.** Improperly sued as Westchester County Department of Public Works.

suffers pain among other things walking short distances." (Cplt.¶ 4).

After plaintiff entered the store, she was alerted by one of her passengers that the alarm on her car had been activated and she returned to her car to disable the alarm. (Cplt.¶ 10). Upon arriving at her car, plaintiff noticed Officer Rice standing in front of her car. The officer was writing out a ticket. Plaintiff alleges that she asked Officer Rice why he was writing her a ticket, to which he responded, "Your handicap tags are not valid." (Cplt.¶ 10). Plaintiff attempted to explain to Officer Rice that he was mistaken and her tag was valid. Plaintiff further alleges that she pointed out a Caucasian woman approaching a car parked in a handicap space that did not have a tag displayed and that Officer Rice ignored her. (Cplt.¶ 10).

The plaintiff refused Officer Rice's instructions to move her car. She alleges that Officer Rice told her the car would be towed if not moved. The plaintiff further alleges that Officer Rice became rude and intimidating, and that he abused his position as an officer and asked her, "What kind of work do you do to have a vehicle?" (Cplt.¶ 10). The plaintiff states that she finally moved her car from the handicapped parking spot to a space further from the store entrance. (Cplt.¶ 10).

STANDARD OF REVIEW

Dismissal of a complaint for failure to state a claim pursuant to Fed. R.Civ. P. 12(b)(6) is proper "where it appears beyond a doubt that the plaintiff can prove no set of facts in support of [her] claim that would entitle [her] to relief." *Harris v. City of New York*, 186 F.3d 243, 247 (2d Cir.1999). The test is not whether plaintiff is ultimately likely to prevail, but whether she is entitled to offer evidence to support her claims. *Chance v. Armstrong*, 143

F.3d 698, 701 (2d Cir.1998). The court assumes that all factual allegations in the complaint are true, and draws all reasonable inferences in Plaintiff's favor. *EEOC v. Staten Island Sav. Bank*, 207 F.3d 144 (2d Cir.2000). Moreover, when the complainant is pro se, the court must construe the pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by 'lawyers.'" *Id.* at 520–21, 92 S.Ct. 594. (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). However, even under this extremely deferential standard, where a pro se plaintiff fails to state a claim, dismissal is the appropriate remedy.

DISCUSSION

**I. Plaintiff's Claim that Issuance of the Ticket Violated her Rights Under Title II of the Americans With Disabilities Act Is Dismissed for Failure to State a Claim**

■ The ADA prohibits discrimination on the basis of disability. Title II of the ADA provides: "[s]ubject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be *excluded* from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (emphasis added). Because individuals may not be held liable for violations of the ADA, the claim against Police Office Rice in his individual capacity is dismissed. *Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn*, 280 F.3d 98, 108 (2d Cir.2001).

■ Plaintiff's claim against the County of Westchester[2] also fails for several reasons.

---

**2.** I do not read the caption to assert a claim against Westchester County, but rather

First, plaintiff bears the initial burden of establishing a *prima facie* case of discrimination. *Ryan v. Grae & Rybicki, P.C.*, 135 F.3d 867, 869–70 (2d Cir.1998). To establish a prima facie case under the ADA, the plaintiff must assert that: (1) she is disabled within the meaning of the ADA; and (2) she was treated in a discriminatory manner on account of her actual or perceived disability. *Wernick v. Fed. Reserve Bank of N.Y.*, 91 F.3d 379, 383 (2d Cir.1996). The facts alleged in the Complaint do not meet the definition of a disability under the ADA.

The Supreme Court has articulated a three-prong test for determining whether a plaintiff has a disability under the ADA. *See Bragdon v. Abbott*, 524 U.S. 624, 118 S.Ct. 2196, 2202, 141 L.Ed.2d 540 (1998). First, the court must determine whether the plaintiff suffers from a physical or mental impairment. *Id.* Second, it must "identif[y] the life activity" upon which the plaintiff relied and "determine [ ] whether it constitutes a major life activity under the ADA." *Id.* And, third, it must inquire whether the plaintiff's impairment "substantially limited" the major life activity identified in step two. *Id.*

Ms. Kelly states that she suffers from "fibromyalia, chronic back and leg pain, a condition affecting her quality of life and mobility ... [she] requires an aid at times to walk and suffers pain [and] among other things walking short distances." (Cplt.¶ 4). Assuming arguendo that the conditions plaintiff complains of satisfy the physical impairment requirement, plaintiff must also plead facts tending to show that the disability "substantially limited" a major life activity.

Walking is one of the "major" life activities as defined under the ADA. *See* 29 C.F.R. § 1630.2(i) ("functions such as caring for one's self, performing manual tasks, *walking*, seeing, hearing, breathing, learning and working") (emphasis added).

However, plaintiff has not alleged facts tending to show that her ability to walk is "substantially limited" as defined by the act—particularly when uses corrective devices. *See Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 476, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999) (holding that the plaintiffs were not substantially limited in any major life activity because plaintiff's severe myopia was correctable with appropriate lenses). The Court stated that a person whose physical or mental impairment was corrected by some measures did not have an impairment that substantially limited a major life activity and thus had not stated a claim that they were disabled within the meaning of the ADA. *Id.*

Merely having an impairment that *affects* a major life activity does not make one disabled for purposes of the ADA. *See e.g., Toyota Motor Manufacturing, Kentucky, Inc. v. Williams*, 534 U.S. 184, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002) (holding employee's inability to do repetitive work with hands and arms extended at or above shoulder levels was not sufficient proof that she was "substantially limited" in major life activity of performing manual tasks); *Boyce v. New York City Mission Soc.*, 963 F.Supp. 290, 297 (S.D.N.Y.1997) (finding plaintiff's shortness of breath and chest pains do not "substantially limit" a major life activity because the condition cannot be classified as severe, nor was it expected to have any permanent or long-term impact).

The allegations in the Complaint indicate that plaintiff was able to walk short

against Officer Rice of the Westchester County Department of Public Works in both his individual and his official capacities. Howev-

er, a claim against Officer Rice in his official capacity is in fact a claim against the County.

distances, including, on the date at issue, from a handicapped parking spot to the Wal–Mart store and back. The plaintiff was not "substantially limited" in her major life activity—walking—so long as she used a cane. (Cplt.¶ 10). While I accept for purposes of this motion that plaintiff's fybromalasia "affected" her ability to walk, I am constrained to conclude that she has not satisfied the basic pleading requirements for a viable ADA claim because her ability was not "substantially limited" when she used a corrective device.

■ Ordinarily, I would dismiss this claim without prejudice, giving plaintiff leave to replead (if she could) in conformity with the applicable legal standard. However, in this case granting leave to amend would be futile, because plaintiff has also failed to allege facts tending to show that Westchester County excluded plaintiff from the use of a public service, program or activity, to wit, access to a handicapped parking space. Per the allegations of plaintiff's complaint, she had been issued a handicapped parking sticker, which gave her official access to handicapped parking spaces. The County did not exclude her from access. An individual officer believed her tag was not valid, and issued her a ticket. And because the enforcement of local parking regulations is a matter governed by state or local law, decisions by officers about whether to issue summonses are matters of local/state discretion and do not implicate the ADA.

Thus, plaintiff's ADA claim is dismissed with prejudice.

II. Plaintiff's Claim that the Issuance Of A Parking Ticket Violated Her Rights Under Title VI Of The Civil Rights Act Is Dismissed For Failure To State A Claim

■ The plaintiff alleges discrimination based on her race and color under Title VI of the Civil Rights Act of 1964. Ms. Kelly alleges the defendants denied her equal terms, conditions and privileges of public accommodation (access to handicapped parking) because of her race and color.

Title VI provides that "[n]o person in the United States shall, on the ground of race, color or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. In sum, Title VI prohibits exclusion from participation, or discrimination, in federally assisted programs. The proper defendant in such a case is the entity that receives federal financial assistance, not an individual. *See e.g. Jackson v. University of New Haven,* 228 F.Supp.2d 156, 158 (D.Conn.2002) (citing *Bayon v. State Univ. of New York at Buffalo,* No. 98 Civ. 0578E (SR), 2001 WL 135817, at *2 (W.D.N.Y.Feb.15, 2001)("plaintiff's Title VI claims against the individual defendants in their individual capacities fail because this act does not provide for individual liability"), *Jackson v. Katy Independent School District,* 951 F.Supp. 1293, 1298 (S.D.Tex.1996) (holding that because the proper defendant in a Title VI case is an entity rather than an individual, plaintiff could not be sued in his individual capacity under Title VI); *Powers v. CSX Transp., Inc.,* 105 F.Supp.2d 1295, 1311 (S.D.Ala. 2000) (citing numerous district court opinions for this proposition)). Thus, this claim, too, must be dismissed insofar as it alleges a Title VI violation by Officer Rice in his individual capacity.

■ Moreover, plaintiff has not alleged that Westchester County is receiving federal funds in connection with any program to provide handicapped parking facilities. This is absolutely fatal to her Title VI

claim, since a plaintiff must allege that she was the intended beneficiary of a specific program or activity for which the County was receiving federal financial assistance. *See* 42 U.S.C. § 2000d.

Finally, plaintiff has not alleged facts tending to show that any such program discriminated against her on the basis of her race in connection therewith. *Commodari v. Long Island University*, 89 F.Supp.2d 353 (E.D.N.Y.2000), *aff'd*, 62 Fed.Appx. 28 (2d Cir.2003). Even if plaintiff were the beneficiary of a federally-funded program, plaintiff was not excluded from the handicapped parking program. She was issued a handicapped parking permit by some municipal entity.[3] She was then erroneously given a parking ticket—which she never had to pay, since it was dismissed when plaintiff proved that the Officer's belief concerning the validity of her tags was erroneous (according to the complaint, the officer thought someone had tampered with the tags).

### III. The Complaint Fails to State a Claim under § 1983

■ Finally, plaintiff alleges that Officer Rice's issuance of the parking ticket makes both he and the County liable for discrimination pursuant to 42 U.S.C. § 1983.

"In order to state a cognizable claim under Section 1983, [plaintiff] must allege conduct under color of state law that deprived him of rights secured by the Constitution or laws of the United States." *Katz v. Klehammer*, 902 F.2d 204, 206; *see also Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). This Court cannot determine a § 1983 controversy unless there is a constitutional claim of sufficient substance to support federal jurisdic-

tion. *See Hagans v. Lavine*, 415 U.S. 528, 536, 94 S.Ct. 1372, 1378, 39 L.Ed.2d 577 (1974).

Plaintiff claims, in her complaint, that she was denied equal protection of under the law (Cplt.¶ 18). In her response to defendant's motion, she reinterprets her claim as one for violation of her right to due process.

Plaintiff has not come close to alleging any violation of due process. Nothing about the issuance of a parking ticket implicates the rarely-used doctrine of "substantive due process." Plaintiff has not alleged any violation of either a property or liberty interest, nor has she alleged that Rice's issuance of the ticket was so shockingly arbitrary as to constitute a gross abuse of governmental authority. *Natale v. Town of Ridgefield*, 170 F.3d 258 (2d Cir.1999). If a claim that a police officer's deliberate indifference caused the death of a motorist during a high-speed chase does not violate substantive due process, *County of Sacramento v. Lewis*, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998), then surely the issuance of a parking ticket on a single occasion does not do so. Plaintiff alleges that Officer Rice asked her, "What kind of work do you do to have a vehicle?" (Cplt.¶ 10). That statement, of course, cannot form the basis of a § 1983 claim. *See Haussman v. Fergus*, 894 F.Supp. 142, 149 (S.D.N.Y.1995) (offensive racial comments cannot form the basis of a § 1983 claim); *see also Wright v. Santoro*, 714 F.Supp. 665, 666–67 (S.D.N.Y.1989) ("discriminatory statements reflecting racial prejudice not actionable under § 1983 where not shown to be connected with physical injury"), *aff'd*, 891 F.2d 278 (2d Cir.1989); *Zeno v. Cropper*, 650 F.Supp. 138, 141 (S.D.N.Y.1986) ("the use of [vile]

---

3. I am constrained to note that Westchester County itself does not issue handicapped parking permits. The municipalities within the County do. That is of no moment for purposes of this motion.

language, no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim") (citation omitted).[4]

■ Nor does plaintiff allege facts tending to show a violation of procedural due process. In fact, plaintiff got all the process she was due. She got·a ticket; she fought the ticket in traffic court; she won and the summons was dismissed.

■ Finally, plaintiff has not adequately alleged a denial of equal protection of the laws. The facts pleaded by plaintiff in her complaint negate any inference that Rice decided to issue the summons out of racial animus. She alleges that the officer targeted her car for attention at a time when he could not possibly have known who the owner of the car was or what the owner's race was. Then when plaintiff got the ticket, she was given access to the courts, as required by law, and the court promptly redressed the officer's error. The fact that plaintiff attempted to stop the officer from issuing the ticket by calling his attention to a white motorist whom she believed was guilty of the same infraction (parking illegally in a handicapped zone) does not, without more, give rise to any inference that plaintiff was denied her right to equal protection of the laws.

To the extent plaintiff, suing as a class of one, is alleging selective enforcement, her failure to allege facts from which intentional or purposeful discrimination can be inferred is fatal to her claim. *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 264–65, 97 S.Ct. 555, 50 L.Ed.2d 450 (to prevail on a equal protection/selective enforcement claim, plaintiff must prove intentional discrimination). The fact is, Officer Rice could not have chosen to pay attention to plaintiff's car because of her race. Plain-

tiff does not elevate this dispute over the propriety of a traffic ticket to a constitutional level by asserting that the officer, in response to plaintiff's protest, did not turn away from her and focus his attention on another motorist who happened to be white.

Because plaintiff has not alleged any violation of her constitutional rights, it is unnecessary to address the issue of qualified immunity (which could not be addressed on this record in any event). Nor is it necessary to address plaintiff's utter failure to plead any Monell claim against Westchester County—which is the only basis on which the County (as opposed to Rice) could be held liable to her. *See generally, Monell v. Dept. of Soc. Services of City of New York*, 436 U.S. 658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

At oral argument, plaintiff alleged with greater clarity facts that might, if properly pleaded, give rise to an equal protection claim. I give plaintiff twenty (20) days from the date of this decision to file an amended complaint alleging specific facts that, if proved, would admit of the inference that she was discriminated against on the basis of her race. The County will therefore have ten (10) days to renew their motion to dismiss.

Plaintiff's Section 1983 claim is dismissed with prejudice as against both defendants insofar as it sounds in a due process violation. Insofar as it sounds in equal protection, it is dismissed without prejudice with leave to replead. This constitutes the decision and order of this court.

---

4. It can, however, be introduced as evidence of racial motive where an otherwise valid claim is stated.