■ MICHELE SCHINDLER, Respondent, v PLAZA CONSTRUCTION LLC, Appellant, et al., Defendants. [61 NYS3d 489]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered January 10, 2017, which denied defendant Plaza Construction LLC's (Plaza) motion to dismiss the complaint, unanimously affirmed, without costs.

Plaintiff, a woman and licensed crane operator, alleges that she was wrongfully terminated from a construction job on the basis of her gender in violation of the New York City Human Rights Law (the City HRL). Plaza, the general contractor on the job, moved to dismiss the complaint. The motion court correctly denied the motion.

Even if Plaza is not plaintiff's employer or joint employer within the meaning of the City HRL, it may be held liable to the extent it "aid[ed], abet[ted], incite[d], compel[led] or coerce[d]" the alleged discrimination (Administrative Code of City of NY § 8-107 [6]). Plaza's objection that plaintiff failed to allege the requisite "community of purpose" is unavailing (*see Estatico v Department of Educ. of City of N.Y.*, 2014 NY Slip Op 33611[U], *10 [Sup Ct, NY County 2014]; *Tate v Rocketball, Ltd.*, 45 F Supp 3d 268, 273 [ED NY 2014]). Plaintiff has clearly pleaded facts suggesting that Plaza bore the requisite discriminatory intent, and that it "compel[led] or coerce[d]" the alleged discriminatory employment decisions (Administrative Code § 8-107 [6]; *cf. Estatico*, 2014 NY Slip Op 33611[U], *11 [motion to dismiss granted where the plaintiff failed to allege discriminatory intent]; *see Tate*, 45 F Supp 3d at 273). The nature of plaintiff's employer's intent and involvement may be inferred from the fact that plaintiff's employer was the entity ultimately responsible for the allegedly discriminatory employment decisions.

Plaintiff also sufficiently alleged the necessary elements of a gender discrimination claim, including that she was terminated "under circumstances giving rise to an inference of discrimination" (*Melman v Montefiore Med. Ctr.*, 98 AD3d 107, 113 [1st Dept 2012]). Specifically, plaintiff alleged that a Plaza employee complained that she was "inadequate" before he had any opportunity to observe her work, when all he knew about her was that she was a woman, and thereafter continually harassed and insulted her. Although the alleged ensuing harassment and insults did not explicitly reference plaintiff's gender, the inference of gender-based discrimination is supported by the allegation that plaintiff was almost immediately replaced by a man (*see Commodari v Long Is. Univ.*, 89 F Supp 2d 353, 375 [ED NY 2000], *affd* 62 Fed Appx 28 [2d Cir 2003]; *Krebaum v Capital One, N.A.*, 138 AD3d 528, 528 [1st Dept 2016]), as well as by the allegation that she was given a false reason for her termination—i.e., that her crane was being taken out of operation when in fact it continued to operate but with a new, male operator (*see Bennett v Health Mgt. Sys., Inc.*, 92 AD3d 29, 41-44 [1st Dept 2011], *lv denied* 18 NY3d 811 [2012]).

We have considered Plaza's remaining arguments and find them unavailing. Concur—Tom, J.P., Renwick, Andrias, Singh and Moulton, JJ.