Kouri v Eataly NY LLC (2021 NY Slip Op 06044)





Kouri v Eataly NY LLC


2021 NY Slip Op 06044


Decided on November 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 04, 2021

Before: Gische, J.P., Shulman, Pitt, Higgitt, JJ. 


Index No. 158476/14 Appeal No. 14538 Case No. 2021-00047 

[*1]Kip Kouri, Plaintiff-Respondent,
v
Eataly NY LLC Doing Business as Eataly NYC, et al., Defendants-Appellants.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Joseph A.H. McGovern of counsel), for Eataly NY?LLC, Eataly USA LLC, Eataly Wine LLC, LSEBG LLC and 200 Fifth Owner LLC, appellants.
Shafer Partners, LLP, New York (Mika M. Mooney of counsel), for Alliedbarton Security Services LLC, Yohani Mena, Jordono Moran and Michael De La Santos, appellants.
Stefano A. Filippazzo, P.C., Brooklyn (Louis A. Badolato of counsel), for respondent.



Order Supreme Court, New York County (Lucy Billings, J.), entered September 29, 2020, which, insofar as appealed from as limited by the briefs, denied defendants' motions for summary judgment dismissing the causes of action for negligent supervision, assault, battery, and violations of the City and State Human Rights Laws, unanimously affirmed, without costs.
Plaintiff asserts claims for discrimination in public accommodation based on sexual orientation (see Executive Law §§ 292[27], 296[2][a]; Administrative Code of City of NY § 8-107[4][a][1][a]). Defendants proffered a legitimate nondiscriminatory reason for removing plaintiff from Eataly (the dining facility owned and operated by Eataly NY LLC and its affiliates) (collectively Eataly), namely, that he was belligerent and they perceived him to be threatening to staff and other customers. However, plaintiff testified that, both before and after the Eataly supervisor directed the security guards (the individual defendants employed by defendant AlliedBarton Security Services LLC) (collectively Allied) to escort him out, the guards repeatedly levelled vulgar, homophobic slurs at him. This testimony raises the issue of fact whether defendants' proffered reason for ejecting plaintiff was pretextual and the real reason was his sexual orientation (see Johnson v Lord & Taylor, 25 AD3d 435, 435-36 [1st Dept 2006]). Allied's contentions notwithstanding, the stray remarks doctrine has no application here (cf. e.g. Abe v New York Univ., 169 AD3d 445, 447 [1st Dept 2019] [hostile work environment claim dismissed where based on "a few vague and stray remarks"], lv dismissed 34 NY3d 1089 [2020]; Ferrer v New York State Div. of Human Rights, 82 AD3d 431, 431 [1st Dept 2011] [isolated remarks insufficient to establish workplace permeated with discriminatory intent]). Moreover, plaintiff testified that at least five homophobic epithets were directed at him in a span of little more than 10 minutes.
Plaintiff asserts claims for assault and battery based on his allegations that the individual defendants grabbed him and propelled him into a glass door, which shattered, and he fell onto the sidewalk, sustaining, among other injuries, a knee laceration that required 20 stitches to close (see Mitchell v New York Univ. ["NYU"], 129 AD3d 542, 543 [1st Dept 2015], lv denied 26 NY3d 908 [2015]; Rivera v State of New York, 34 NY3d 383, 389 [2019]). Allied contends that this contact was necessitated by plaintiff's reaching for a bottle that the security guards feared he would throw at them or others. Plaintiff admits that he grabbed and threw an object; however, he maintains that it was a "tiny" magnet that he grabbed from a cash register. Thus, issues of fact exist as to the nature of plaintiff's actions and the reasonableness and proportionality of the guards' response. In addition, issues of fact exist as to whether the guards engaged in tortious conduct by putting their hands on plaintiff to escort him out of the eatery [*2]and, as one of the guards testified, swatting plaintiff's cell phone out of his hand.
Issues of fact also exist as to whether the security guards were acting within the scope of their employment when they engaged with plaintiff and therefore whether the Allied corporate entity is subject to vicarious liability under the doctrine of respondeat superior (see Bilias v Gaslight, Inc., 100 AD3d 533 [1st Dept 2012]).
Since they are alleged to have acted jointly, the individual defendants' alleged actions may give rise to aiding and abetting liability for discrimination (see Executive Law § 296[6]; Administrative Code § 8-107[6]; Bistreich v City of New York, 191 AD3d 554 [1st Dept 2021]; Schindler v Plaza Constr. LLC, 154 AD3d 495 [1st Dept 2017]). Moreover, issues of fact exist as to whether defendant Mena, who held the title of supervising security officer, had sufficient supervisory control that his actions could be imputed to the corporate employer (see Zakrzewska v The New School, 14 NY3d 469, 479-480 [2010]). 
Issues of fact also exist as to whether Eataly exercised sufficient control over the security guards on its premises to be held liable for their actions (Fauntleroy v EMM Group Holdings LLC, 133 AD3d 452, 453 [1st Dept 2015]). Although the Eataly-Allied security contract specified that Allied would provide training and supervision, there is evidence that higher-level supervision of the security officers was minimal, with the account manager visiting only once a week, and the individual defendants testified that they took nearly all of their direction from Eataly managers. Moreover, during the critical incident, the security officers acted at the express direction of the Eataly supervisor in removing plaintiff from the premises.
In view of the existing issues of fact as to Eataly's control over the security guards, issues of fact also exist as to plaintiff's claim against Eataly for failure to maintain safe premises due to negligent supervision of the guards (see Carver v P.J. Carney's, 103 AD3d 447 [1st Dept 2013]; Rivera v 21st Century Rest., Inc., 199 AD2d 14 [1st Dept 1993]; Davis v City of New York, 183 AD2d 683 [1st Dept 1992]). As indicated, there is evidence that Eataly substantially controlled the security officers and, viewing the record in the light most favorable to plaintiff, evidence that it failed to exercise that control during the incident to prevent the officers from harming plaintiff. Eataly's supervisor stood by as the incident escalated, stood by as the security officers leveled deeply offensive epithets at plaintiff, and stood by as the officers initiated offensive physical conduct with plaintiff, such as swatting his phone out of his hand. At this juncture, instead of ordering the officers to stand down, the Eataly supervisor told plaintiff's party, in vulgar terms, to leave, and then directed the officers to remove plaintiff from the premises.
We have considered defendants' remaining contentions and find them unavailing[*3]. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 4, 2021