# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-2142
_____

Angela Schuncey Richardson,

*Plaintiff - Appellant,*

v.

Dennis McGinnis, Sgt., McPherson Unit, ADC,

*Defendant - Appellee.*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Northern
_____

Submitted: July 14, 2023
Filed: October 3, 2023
[Unpublished]
_____

Before LOKEN, COLLOTON, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Angela Richardson appeals the district court's dismissal, under 28 U.S.C.
§ 1915A and Federal Rule of Civil Procedure 12(c), of her action under 42 U.S.C. §
1983 alleging violations of her First and Fourteenth Amendment rights.

We grant Richardson leave to proceed in forma pauperis. *See Henderson v. Norris*, 129 F.3d 481, 484-85 (8th Cir. 1997) (per curiam). We conclude on de novo review that the district court did not err in dismissing Richardson's retaliation claim or her official-capacity equal protection claim. We conclude, however, that Richardson adequately stated an individual-capacity equal protection claim: she alleged that she and other African American inmates were denied privileges afforded to Caucasian inmates, and that rules were unequally enforced against them on multiple occasions. *See Powells v. Minnehaha Cty. Sheriff Dep't*, 198 F.3d 711, 712 (8th Cir. 1999) (per curiam). While the consequences of the alleged incidents were not grave, Richardson's injuries need not be severe enough to implicate the Eighth Amendment in order to state an equal protection claim if the alleged injuries were inflicted because of racial prejudice. *See Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985). Our decision in *Lewis v. Jacks*, 486 F.3d 1025 (8th Cir. 2007), requiring an allegation of "pervasive or severe" action by a correctional official, was limited to a claim of verbal abuse. *Id*. at 1028.

Accordingly, we affirm the dismissal of Richardson's retaliation claim and official-capacity equal protection claim. We reverse the dismissal of her individual-capacity equal protection claim, and remand the case to the district court for further proceedings.

_____